370 So.2d 1166 (1979)
Joseph SCHEUER and Harriet Rubin, Petitioners,
v.
Richard P. WILLE, Sheriff of Palm Beach County, Dale Allen, and William F. Howard D/B/a Howard Funeral Home, Respondents.
Nos. 78-1896, 78-2112.
District Court of Appeal of Florida, Fourth District.
January 24, 1979.
Timothy J. Hmielewski of Nason, Gildan, Yeager & Lubin, P.A., West Palm Beach, for petitioners.
No appearance for respondents.
BERANEK, Judge.
In this civil action the trial court granted a defense motion to strike the plaintiffs' prayer for punitive damages. The case remains pending on the issue of actual damages. Plaintiffs seek review by way of consolidated petitions for common law certiorari. To establish jurisdiction plaintiffs allege:
"To proceed to trial only on the issue of actual damage might allow for appealing all issues ultimately, but the end results would be a waste of Plaintiffs' and the Courts' time and expense in resolving all of the issues of the case."
The 1977 Rules of Appellate Procedure have not enlarged the certiorari jurisdiction of this Court. Mere expediency will not form a basis for jurisdiction for review by certiorari. It is short sighted to assume that immediate appellate review of every interlocutory order would save everyone's time, trouble and money. Had the trial court ruled differently and let the punitive damages count stand, the defendant would certainly have sought relief if expediency is the measure of jurisdiction. Indeed, almost every interlocutory order would be reviewed and more rather than less time would be expended.
By refusing certiorari review and returning this matter to trial, we are not unmindful of the plaintiffs' problems. This issue was specifically addressed in Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975). Plaintiffs herein probably have no real desire to try the case solely on compensatory or actual damages. However, it is certainly not impossible that such a trial would finally resolve this case. Plaintiff may not prevail in the case before the jury on compensatory damages or the parties may in some fashion settle their differences and all issues will then be removed from the Court's consideration.
Rule 9.130 of the 1977 Revision of the Florida Appellate Rules deals with non-final orders. This Rule replaces the prior Rule on the subject and limits rather than broadens review of non-final orders. The Advisory Committee's notes state:
"It is anticipated that since the most urgent interlocutory orders are appealable under this rule, there will be very few *1167 cases where common law certiorari will provide relief."
This Court's recent opinion in Professional Medical Specialties, Inc. v. Renfroe, 362 So.2d 397 (Fla. 4th DCA 1978), states the position clearly. Therein, the Rule announced in Siegel v. Abramowitz, supra, was reaffirmed.
In the instant case it is clear that plaintiffs will be able to accomplish full and adequate review of the contested order on appeal after final judgment. Therefore, this Court does not assume jurisdiction to review this matter by common law certiorari, and the petitions therefore, are denied.
ANSTEAD and LETTS, JJ., concur.