555 So.2d 367 (1989)
Sanford H. COLE, M.D., Sanford H. Cole, M.D., P.A., Baptist Hospital, Inc., d/b/a Baptist Hospital, and Av-Med, Inc., Appellants,
v.
Lourdes POSADA, As Parent and Natural Guardian of Stephen Posada, a Minor, and Lourdes Posada, Individually, Appellees.
Nos. 89-1669, 89-1694 and 89-1760.
District Court of Appeal of Florida, Third District.
September 12, 1989.
Rehearings Denied February 7, 1990.
Blackwell, Walker, Fascell & Hoehl, and Paul Larkin, Jr., and Kathleen M. Salyer, Miami, for appellant Baptist Hospital, Inc. d/b/a Baptist Hospital.
Stephens, Lynn, Klein & McNicholas, and Robert M. Klein, and Asa B. Groves, and Debra J. Snow, Miami, for appellants Sanford H. Cole, M.D., Sanford H. Cole, M.D., P.A.
Feldman & Ziegler, and Steven M. Ziegler, Coral Gables, for appellant AV-MED, Inc.
Stanley M. Rosenblatt, and Mary Margaret Schneider, Miami, for appellees.
Before HUBBART, FERGUSON and GERSTEN, JJ.
PER CURIAM.
In these consolidated appeals, appellants Sanford H. Cole, M.D., Sanford H. Cole, P.A., Baptist Hospital, Inc. and AV-MED, Inc. appeal a non-final order denying their motions to dismiss the complaint filed against them by appellees Lourdes Posada, individually, and as parent and natural guardian of Stephen Posada. We dismiss the consolidated appeals for lack of jurisdiction.
In the trial court action, appellants moved to dismiss appellees' complaint for failure to timely serve the initial process and pleading, as required by rule 1.070(j), Florida Rules of Civil Procedure. Rule 1.070(j), provides:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion.
The trial court denied appellants' motions to dismiss.
Appellants then brought this appeal to this court from the trial court's order denying their motions to dismiss. Appellees moved this court to dismiss appellants' appeals on the ground that the trial court order was not one of the enumerated non-final orders which we are authorized to review. Appellants assert that the trial *368 court's order denying their motions to dismiss is an appealable non-final order pursuant to rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure. Rule 9.130(a)(3)(C)(i), permits district courts of appeal to review non-final orders of the lower court, which determine "jurisdiction of the person."
We conclude the trial court order denying appellants' motions to dismiss is a nonappealable, non-final order because it does not relate to a true "jurisdiction of the person" issue. Under rule 9.130(a)(3)(C)(i), "jurisdiction of the person" has been interpreted as referring to whether the service of process was proper or whether the long-arm statute has been correctly applied. See Strauss v. Gorman, 471 So.2d 1303 (Fla.3d DCA 1985); Page v. Ezell, 452 So.2d 582 (Fla.3d DCA 1984); National Lake Developments, Inc. v. Lake Tippecanoe Owners Association, Inc., 395 So.2d 592 (Fla.2d DCA 1981), approved, 417 So.2d 655 (Fla. 1982); American Health Association, Inc. v. Helprin, 357 So.2d 204 (Fla. 4th DCA 1978). It relates to "matters concerning the court's jurisdiction or power to bind [defendants] to any ultimate decision rendered in the case." Department of Professional Regulation v. Rentfast, Inc., 467 So.2d 486, 487 (Fla. 5th DCA 1985).
Here, the issue before the trial court was the timeliness of the service of the initial process and pleading, and not whether the service of process was proper. The question before the trial court was not whether the court had the jurisdiction or power to bind the appellants to its ultimate decision. Accordingly, we dismiss these consolidated appeals based upon our holding that the order of the trial court denying appellants' motions to dismiss under rule 1.070(j), is not a reviewable non-final order under rule 9.130(a)(3)(C)(i). Dismissed.