559 So.2d 1178 (1990)
DCA OF HIALEAH, INC., a Florida Corporation, and Lennar Corporation, a Delaware Corporation, Appellants,
v.
LAGO GRANDE ONE CONDOMINIUM ASSOCIATION, INC., a Florida Corporation, et al., Appellees.
No. 89-2303.
District Court of Appeal of Florida, Third District.
February 20, 1990.
Rehearing Denied May 21, 1990.
*1179 Albert G. Caruana and Lawrence S. Gordon, Miami, for appellants.
Richard R. McCormack, Miami, for appellees.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
Appellants, DCA of Hialeah, Inc. and Lennar Corporation, [collectively, Lennar] appeal a non-final order denying their motion to dismiss the complaint filed against them by Appellees, the Lago Grande condominium associations [condominium associations]. We dismiss the appeal for lack of jurisdiction.
On August 29, 1988, the Lago Grande Homeowners Association brought an action against Lennar alleging deficiencies in the designs and construction of the Lago Grande residential development. Subsequently, on March 24, 1989, condominium associations brought a similar suit against Lennar in response to Lennar's argument that they, and not the homeowners association, were the proper parties to prosecute the action. Thereafter, Lennar moved the trial court to dismiss condominium associations' complaint for failure to serve the initial process and pleading within the 120 days required by rule 1.070(j), Florida Rules of Civil Procedure (1989). Condominium associations defended by asserting that they had not served the complaint pursuant to Rule 1.070(j) because they were waiting for a resolution of the standing issue in the first litigation. The trial court denied Lennar's motion to dismiss and Lennar then filed this interlocutory appeal. Condominium associations moved for the dismissal of this appeal and the motion was denied without prejudice.
This court lacks jurisdiction to entertain this interlocutory appeal. This court held in Cole v. Posada, 555 So.2d 367 (Fla.3d DCA 1989), that an order denying a motion to dismiss for failure to serve the initial process and pleading in accordance with Rule 1.070(j) is not reviewable as a non-final order pursuant to rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure (1989). Rule 9.130(a)(3)(C)(i) permits district courts of appeal to review non-final orders of the lower tribunals which "determine jurisdiction of the person". In the instant case, as in Cole v. Posada, the issue before the trial court was the timeliness of the service of the initial process and pleading and not whether the service of process was itself valid. Accordingly, this appeal should be dismissed.
Dismissed.