568 So.2d 541 (1990)
MACKE LAUNDRY SERVICES, INC., Appellant,
v.
Margery SAINTIL, Appellee.
No. 90-1945.
District Court of Appeal of Florida, Fourth District.
October 24, 1990.
*542 Mark B. Kleinfeld of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellant.
Margaret A. Benton, Fort Pierce, for appellee.

FAST TRACK APPEAL
PER CURIAM.
Appellant Macke appeals the trial court's non-final order denying Macke's motion to dismiss for plaintiff's failure to obtain service within 120 days of filing her complaint. See Florida Rule of Civil Procedure 1.070(j).
We dismiss this appeal because it is not taken from an appealable non-final order. Appellant contends that the order was one determining jurisdiction of the person and is therefore appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i); we disagree. Jurisdiction of the person refers to whether service was proper and the defendant is within the reach of the Florida courts. Timeliness of service under Rule 1.070(j) does not concern the reach of the court. See DCA of Hialeah, Inc. v. Lago Grande One Condominium Ass'n, Inc., 559 So.2d 1178 (Fla.3d DCA 1990); Cole v. Posada, 555 So.2d 367 (Fla.3d DCA 1989).
We also do not believe that certiorari will lie in this instance. Certiorari is available only in limited circumstances. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). Orders denying motions to dismiss generally are not reviewable by certiorari because the petitioner will have a full and adequate remedy on plenary appeal. Id. Furthermore, the expense of defending an action through a trial on the merits does not constitute irreparable harm. Agency Rent-A-Car, Inc. v. Braverman, 480 So.2d 121 (Fla.4th DCA 1985).
DISMISSED.
WALDEN, WARNER and POLEN, JJ., concur.