Robert W. KEARNS, Plaintiff,

v.

FERRARI, et al., Defendants.

No. 85–70459.

United States District Court, E.D. Michigan, S.D.

Nov. 15, 1990.

Chris Benson, Houston, Tex., for plaintiff.

Darryl Mexic, Washington, D.C., for Mitsubishi Motors.

Robert E. Lyon, Los Angeles, Cal., for Honda Motor Co.

John T. Roberts, Washington, D.C., for Fuji Heavy Industries.

Donald Knebel, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is a patent case. Defendants Fuji Heavy Industries, Ltd. (Subaru); Bayerische Motoren Werke AG (BMW); Mitsubishi Motors Corporation (Mitsubishi); Nissan Motor Co., Ltd. (Nissan); Isuzu Motors Limited (Isuzu); Peugeot, S.A. (Peugeot); Toyo Kogyo Company, Ltd. (Mazda); A.B. Volvo (Volvo); Toyota Motor Co., Ltd. (Toyota); Saab–Scania (Saab); and Honda Motor Co., Ltd. (Honda) have filed motions to dismiss for failure of service of process.[1] Fed.R.Civ.P. 4. Although several of the defendants have filed separate sets of papers in support of their motions, each of the motions raises the same issue. Defendants, all foreign automobile manufacturers, assert that plaintiff Robert W. Kearns (Kearns) failed to serve them with process in compliance with either Fed.R.Civ.P. 4 or the Hague Convention governing international service of process. In response, Kearns concedes that proper service has not been made. However, Kearns argues that under Fed.R.Civ.P. 4(j), he has good cause for failing to make proper service and that dismissal is not warranted.

### II.

Kearns filed his complaint in this action on January 31, 1985, naming 20 manufacturers and 11 dealers as defendants. All defendants were subsequently served by mail. By June 10, 1985, Kearns's counsel was notified by Nissan's counsel that service was improper. On June 24, 1985, Kearns's counsel acknowledged that service had not been made under the Hague Convention. On June 12, 1985, defendant Renault filed a motion to quash service of process. On August 21, 1985, a magistrate denied Renault's motion. The Court (Pratt, J.) affirmed the denial on December 26, 1985.

Over the next four years, defendants entered into a series of stipulations extending the time to answer Kearns's complaint.[2] The stipulations contained no reservation of the right to contest the sufficiency of service of process. In response to the Court's Pre-trial Order No. 2 dated April 24, 1989, which suggested that the outcome of case no. 78–70740, *Kearns v. Ford Motor Co.*, might have an effect on the issues raised in this case, defendants Saab, Toyota, Mazda, Subaru, Peugeot, Volvo, Nissan, and Honda filed either comments or objections. None of the responses contained a reservation of the right to contest the suffi-

---

1. Defendants Ferrari S.p.A.; Alfa Romeo S.p.A.; Automobiles–Citroen S.A.; Fiat Auto S.p.A.; Officiene Alfieri Maserati S.p.A.; B–L, PLC (British Leland); Group Lotus Cars Company, PLC; Regie Nationale des Usines Renault (Renault); and Rolls Royce Motors, Ltd.; are the other manufacturers named in the complaint. They have not filed motions to dismiss contesting the sufficiency of service of process.

2. Defendant BMW did not enter into any of the stipulations extending the time to answer.

ciency of service of process.[3] Other than filing comments or objections, defendants engaged in no activity in the case.

On December 4, 1989, the Court entered an Order staying the case for nine months. On January 5, 1990, Kearns served BMW's Chairman of the Board who was present in the Eastern District of Michigan at the Detroit Auto Show. That action ultimately precipitated the multitude of motions now before the Court. Prior to that time, the Court was unaware that the sufficiency of service of process was considered by defendants to be an issue requiring resolution. None of the defendants seeking dismissal deny actual notice of Kearns's action.

### III.

The main thrust of Kearns's argument in opposition to dismissal is that given the passage of time since the complaint was filed, the fact that all of the defendants have had actual notice of the proceedings, and the Court's ruling on Renault's motion to quash, it had no reason to believe that the defendants did not acquiesce in the Court's jurisdiction despite the insufficient service. According to Kearns, this constitutes good cause, as defined by Fed.R. Civ.P. 4(j), for failing to properly serve the defendants within the 120–day time limit. While the Court finds merit in Kearns's arguments, it appears that Kearns is looking at the wrong side of the coin.

The issues raised in Kearns's response are more properly viewed as waiver arguments. Fed.R.Civ.P. 12(h)(1) provides that:

A defense of ... insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in [Rule 12(g)], or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

However, Rule 12(h) "sets only the outer limits of waiver; it does not preclude waiver by implication." *Marquest Medical Prods., Inc. v. EMDE Corp.,* 496 F.Supp. 1242, 1245 n. 1 (D.Colo.1980). "[I]n personam jurisdiction may be obtained by actions of a party amounting to a waiver, and a court has jurisdiction to enter an order finding a waiver." *United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986), *cert. denied,* 480 U.S. 919, 107 S.Ct. 1376, 94 L.Ed.2d 691 (1987) (citations omitted). In this case, the Court is satisfied that defendants have waived the defense of insufficient service of process.

Each defendant filed a general appearance.[4] Because Kearns was unable to actively pursue the litigation at the time the complaint was filed, and because defendants were more than satisfied to delay resolution of the case, the parties repeatedly stipulated to extensions of the time to answer the complaint. None of the stipulations reserved the right to contest the sufficiency of process. In fact, despite entering into a stipulation to extend its time to answer, Renault filed its motion to quash service. After the motion to quash service was denied, none of the defendants raised

---

**3.** Nissan's objection contained a blanket reservation of "any defenses it may be able to assert under Fed.R.Civ.P. 12."

In an objection dated July 11, 1989, and filed on behalf of dealer defendant Bavarian Motor Village, Ltd., counsel for BMW (also counsel for Bavarian Motor Village, Ltd.) stated that BMW had not yet been served. This was not entirely true since BMW was served in 1985, albeit in an insufficient manner. Nothing in the objection indicated that BMW intended to seek dismissal on the ground that service of process was insufficient.

**4.** The Court recognizes that appearances have been filed at different times for different defendants during the course of this litigation. Nevertheless, that fact is of no moment because

all of the defendants except BMW willingly stipulated to extend the time to answer the complaint. None of the stipulations reserved the right to raise the defense of insufficient service of process.

At oral argument on the motions to dismiss, counsel for BMW stated that no appearance had been entered on behalf of BMW at any time since Kearns filed the complaint in this case. This statement conflicts with the Court's records, which list Paul M. Craig, Jr., of the law firm Barnes & Thornburg as BMW's counsel of record at least as early as April 24, 1989. Whatever BMW's intentions were, it is clear that the Court was not apprised of BMW's intention to contest the sufficiency of service of process until it filed a motion to dismiss on February 13, 1990.

the issue for four years. Thus, both Kearns and the Court would have been justified, had they given any thought to it, in thinking that defendants had accepted service and acquiesced to personal jurisdiction.

 While it is true that a general appearance does not constitute a waiver of the defense of lack of personal jurisdiction due to insufficient service of process, once the defendant appears the contest of the court's jurisdiction must be timely. *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir.1983). Otherwise, the contest of jurisdiction is barred by laches. *Id.* The facts here parallel the fact situation in *Marcial Ucin.* There, the defendant filed a general appearance. When the plaintiff moved for a default judgment for failure to answer the third party complaint, the defendant responded by filing a motion to dismiss on the ground that it was not properly served with process. The defendant had not filed a motion to dismiss under Fed.R.Civ.P. 12(b) or a responsive pleading prior to its motion to dismiss for improper service. The motion to dismiss was filed some four years after the complaint was served. The Court of Appeals for the First Circuit held that the defendant's conduct was sufficiently dilatory and inconsistent with its assertion of a lack of personal jurisdiction to constitute a waiver of the defense.

The only significant fact distinction between this case and *Marcial Ucin* is that the defendant in *Marcial Ucin* attended depositions. Although the defendants in this case have not attended depositions, their conduct has been sufficiently inconsistent with the assertion of insufficient service of process to constitute waiver. In addition to the stipulated extensions and objections filed, the case has been marked by numerous other instances of behavior inconsistent with the insufficient service claim. For example, the Court takes judicial notice of the fact that counsel for several of the defendants observed the entire trial in case no. 78–70740, *Kearns v. Ford Motor Co.* None of the motions to dismiss were filed until after the jury in the *Ford* case upheld the validity of the Kearns patents.[5] Also, prior to filing its motion to dismiss, Honda filed a motion for partial summary judgment that contained no reservation of Honda's right to assert the insufficient service of process defense.

 Finally, the Court notes that the policy underlying Rule 12 also supports a finding that defendants have waived their objections to service of process. Rule 12 was intended to eliminate unnecessary delay at the pleading stage by requiring defendants to raise all defenses in one pre-answer motion. *Marcial Ucin,* 723 F.2d at 997. Otherwise, piecemeal presentation of defenses could be used to unnecessarily drag out the case and exhaust the plaintiff's stamina and resources.[6] Four years

---

5. The following schedule shows the filing dates for each defendant's motion to dismiss.
 - 2/13/90—BMW
 - 7/3/90—Subaru
 - 7/13/90—Toyota
 - 7/23/90—Mitsubishi
 - 7/27/90—Honda
 - 7/30/90—Isuzu
 - 7/30/90—Nissan
 - 8/3/90—Mazda
 - 8/14/90—Volvo
 - 10/10/90—Peugeot
 - 10/15/90—Saab

 To put this schedule in perspective, the Court takes note of the following background information. All of the defendants participated in a joint pretrial conference on April 13, 1989. At that time, the Court discussed how to separate the cases for trial because they had been consolidated. Subsequently, on April 24, 1989, the Court issued Pretrial Order No. 2, to which

several defendants responded with comments or objections. On January 3, 1990, the liability phase of the *Ford* trial began. On January 29, 1990, the jury returned a verdict upholding the validity of the Kearns patents and imposing liability on Ford for infringement. Throughout this entire process, none of the defendants gave any indication that they would challenge the sufficiency of Kearns's service of process.

6. The delay in this case also has enabled some of the defendants to raise an unusual side issue. That is, the case has taken so long to get to its current stage that the Supreme Court has had the opportunity to render a decision that calls into question the merits of the ruling on Renault's motion to quash. *See Volkswagenwerk A.G. v. Schlunk,* 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). Normally, a plaintiff does not have to worry about the law changing between the time when the court rules on a

is simply too long a period for defendants to wait to raise the issue of the sufficiency of service of process. Defendants motions to dismiss are DENIED.

SO ORDERED.

Albert J. Dib, Detroit, Mich., for plaintiff.

Thomas G. McNeill, Detroit, Mich., for defendant.

motion to quash and the time when the defendant's answer is filed. This is another reason

why failure to contest service of process in a timely manner constitutes a waiver.