601 So.2d 538 (1992)
David MORALES, Petitioner,
v.
SPERRY RAND CORPORATION, etc., et al., Respondents.
No. 78244.
Supreme Court of Florida.
June 11, 1992.
Karen J. Haas of the Law Offices of Karen J. Haas, and Richard L. Allen, Jr., of Allen & Bush, Orlando, for petitioner.
Jeffrey B. Shapiro of Herzfeld and Rubin, and Judy D. Shapiro of the Law Offices of Judy D. Shapiro, Miami, for respondents.
R.J. Beckham of Beckham & McAliley, P.A., Jacksonville, amicus curiae for The Academy of Florida Trial Lawyers.
McDONALD, Judge.
We review Morales v. Sperry Rand Corporation, 578 So.2d 1143 (Fla. 4th DCA 1991), because of certified conflict with Berdeaux v. Eagle-Picher Industries, Inc., 575 So.2d 1295 (Fla. 3d DCA 1990). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
At issue are the consequences of failing to obtain service of process within 120 days of the filing of a complaint as required by Florida Rule of Civil Procedure 1.070(j) when no good cause for this failure is demonstrated. In Morales the district court held that rule 1.070(j) required dismissal. Whereas, Berdeaux held that dismissal is not in order if service of process is effected before a motion to dismiss predicated on noncompliance with rule 1.070(j) is filed. We adopt Morales and disapprove Berdeaux.
On August 17, 1989, Morales filed a personal injury claim against Sperry Rand Corporation and codefendants based on an injury he incurred on August 20, 1985. On December 5, 1989, Morales' attorney mailed the summons forms to the clerk of the court and the clerk issued the summonses on December 8, 1989. However, the 120-day period for service required by rule 1.070(j) expired on December 15, 1989 and Morales' attorney did not serve Sperry's resident agent until December 19, 1989.
Sperry filed a motion to dismiss on January 18, 1990, asserting failure to state a cause of action, allege privity of contract, and allege sufficient facts. On January 31, Sperry filed a supplement to the motion to dismiss, adding the defense of failure to *539 serve process within the time period specified by rule 1.070(j).
In affirming the dismissal in the instant case, the district court of appeal stated:
We conclude that the appellant has failed to demonstrate an abuse of discretion. The trial court found no good cause for the delay. Morales made no effort to obtain service for 110 days after filing the complaint. He gave no acceptable explanation for this delay. With only a few days remaining, and being cognizant of the mandate of the rule, counsel chose to use the mail in obtaining the executed summonses. He made no effort to serve defendants until the 120 days had expired. We note that he did not contend that the defendants or their agent were evading service or had done anything to interfere with routine service of process.
The Florida rule is patterned after Federal Rule of Civil Procedure 4(j). Therefore, the federal decisions under that rule are pertinent. Those cases generally recognize that the primary factor in evaluating untimely service is diligence. E.g., In re City of Philadelphia Litigation, 123 F.R.D. 515 (E.D.Pa. 1988). Federal courts that have considered prejudice in deciding whether to dismiss under the rule have done so only after first determining that the plaintiff had been diligent in attempting service. This is so even where, as here, the applicable statute of limitations period had subsequently expired. Cf., In re City of Philadelphia Litigation; Smith v. Pennsylvania Glass Sand Corp., 123 F.R.D. 648 (N.D.Fla. 1988); Coleman v. Greyhound Lines, Inc., 100 F.R.D. 476 (N.D.Ill. 1984).
Here, the trial court could certainly conclude that appellant should not reasonably have expected to accomplish timely service by the method utilized. By choosing not to have the summonses issued for over three and a half months, and then processing them by mail, the plaintiff can hardly demand a finding of diligence and good cause. In Lovelace v. Acme Markets, Inc., 820 F.2d 81 (3d Cir.), cert. denied, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987), the court stated:
The 120-day limit to effect service of process, established by Fed.R.Civ.P. 4(j) is to be strictly applied, and if service of the summons and the complaint is not made in time and the plaintiff fails to demonstrate good cause for the delay "the court must dismiss the action as to the unserved defendant."
... Legislative history provides only one example where an extension for good cause would be permissible  specifically when the defendant intentionally evades service of process.
"Half-hearted" efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run. (emphasis in original, citations omitted)

See also, Fournier v. Textron, Inc., 776 F.2d 532 (5th Cir.1985); Wei v. Hawaii, 763 F.2d 370 (9th Cir.1985); United States v. Fields, 703 F. Supp. 749 (N.D.Ill. 1989).
We recognize that the rule exacts a harsh sanction in cases where the limitations period may have expired. Certainly the rule need not be imposed inflexibly where the plaintiff does meet the burden of demonstrating diligence and good cause. In United States v. Ayer, 857 F.2d 881 (1st Cir.1988), both the trial and appellate courts agreed that there was ample evidence to justify the trial court's refusal to dismiss under the rule despite untimely service. In Ayer, the appellate court, after noting the many purposes for the rule, recognized the plaintiff's burden and the discretion of the trial court in "scrutinizing" the plaintiff's efforts at service. In that case the plaintiff's difficulty was not self-imposed. To the contrary, the delay was not intentional and occurred despite good faith and *540 reasonable efforts to secure timely service.
578 So.2d at 1144-45.
For rule 1.070(j) to fulfill its mission of assuring diligent prosecution of lawsuits once a complaint is filed, the district court's conclusion and analysis must be approved. We do not believe the rule is unduly harsh in that the trial judge has broad discretion under Florida Rule of Civil Procedure 1.090(b) to extend the time limitation if reasonable grounds are asserted before the 120-day period expires. Likewise, the trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented.
The approach taken by the Third District Court of Appeal, while reasonable, would for practical purposes, negate rule 1.070(j) and the reason for its existence. Thus, we prefer Morales over Berdeaux.
In this review, Morales also claims that because Sperry did not raise the defense of noncompliance with rule 1.070(j) in its original motion to dismiss, but rather by an amendment to the motion, it waived this ground for dismissal. This issue was not raised before the trial judge and was not discussed by the district court in the opinion under review. We therefore decline to address this issue. Trushin v. State, 425 So.2d 1126 (Fla. 1982). The opinion under review is approved.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.