606 So.2d 490 (1992)
Thair GONDAL, Appellant,
v.
Maria MARTINEZ and Miguel Martinez, Appellees.
No. 92-1417.
District Court of Appeal of Florida, Third District.
October 20, 1992.
*491 Robert G. Corirossi, Miami, and Amir Fleischer, Boca Raton, for appellant.
Garel and Jacobs and Jeffrey A. Jacobs, Coral Gables, for appellees.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
Where a complaint fails, as here, to allege that the defendant is a nonresident of the State, or a resident of Florida who subsequently became a nonresident, or a resident of Florida concealing his where-abouts, service on the secretary of state is ineffective to obtain jurisdiction over the defendant. Journell v. Vitanzo, 472 So.2d 827 (Fla. 4th DCA 1985).
Filing of an affidavit of diligent search and inquiry over seven hundred days after the complaint was filed, and while a motion to dismiss filed pursuant to rule 1.070(j),[1] Florida Rules of Civil Procedure, was pending, did not preclude the dismissal as the affidavit did not cure the complaint defect, nor did it constitute good grounds to deny the rule 1.070(j) motion. See Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992) (fact that process was served prior to filing of defendant's rule 1.070(j) motion to dismiss did not give court discretion to deny motion).
Reversed.
NOTES
[1] Summons-Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion.