619 So.2d 347 (1993)
Joel M. WEISSMAN and Weissman & Chernay, P.A., Appellants,
v.
J.B. JOYE and Gloria Joye, Husband and Wife, Appellees.
No. 92-03728.
District Court of Appeal of Florida, Second District.
May 21, 1993.
Richard L. Allen of Allen & Bush, P.A., Orlando, for appellants.
George A. Vaka, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.

ON MOTION TO DISMISS
PER CURIAM.
The Joyes, who were the plaintiffs in this legal malpractice action, have filed a motion to dismiss this appeal. The trial court's order is one denying a motion to dismiss. It is not an appealable nonfinal order determining jurisdiction of the person; we dismiss this appeal.
After 120 days from the filing of the complaint had passed, the defendants, Joel M. Weissman and Weissman & Chernay, P.A. (Weissman), filed a motion to quash service of process. Weissman successfully argued that the first two attempts at service were invalid. The first attempt failed because a copy of the complaint was not attached to the summons. The second attempt failed because the return was not endorsed properly by the process server and Weissman had not been informed of the contents of the complaint. The first two attempts at service were made within the 120-day limit.
A third attempt at service was unsuccessful because the process server was not authorized to serve process in the county in which Weissman resided. Hence, a second motion to quash was granted. The Joyes then filed a motion for extension of time to effectuate process.
Thereafter, Weissman filed a third motion to quash service. The third motion challenged the fourth attempt at service based on the premise that the case was no longer pending when the court quashed service after the 120 days had run. The court denied the third motion, finding that good cause had been shown to prevent dismissal of the complaint. Weissman then filed a fourth motion, a motion to dismiss based solely on Florida Rule of Civil Procedure 1.070(j).[1] Weissman now appeals the denial of that motion.
*348 Weissman argues that Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992), requires this court to entertain this appeal. We disagree. For the reasons set forth in Khandjian v. Compagnie Financiere Mediterranee Cofimed, S.A., 619 So.2d 348 (Fla. 2d DCA 1993), we find that the order is not one determining jurisdiction of the person pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). Accordingly, we dismiss this appeal for lack of jurisdiction.
Motion granted.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.
NOTES
[1] This rule is now designated as 1.070(i).