619 So.2d 348 (1993)
Berge O. KHANDJIAN and Tuula Khandjian, Appellants,
v.
COMPAGNIE FINANCIERE MEDITERRANEE COFIMED, S.A., Appellee.
No. 92-04332.
District Court of Appeal of Florida, Second District.
May 21, 1993.
Timothy G. Hayes, Hayes & Albrechta, P.A., Lutz, for appellants.
Robert I. MacLaren, II, Osborne, Hankins, MacLaren & Redgrave, Boca Raton, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
The order from which the appeal has been initiated denies a motion to dismiss. The appellee has filed a motion to dismiss this appeal, which we grant. Contrary to the appellants' view, the trial court's order is not an order determining jurisdiction of the person reviewable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).
The appellee filed this mortgage foreclosure action and sought to have the individual appellants, Berge O. Khandjian and Tuula Khandjian (the Khandjians), served with process at their place of residence in England. Service of process was not effected until a year after the complaint was filed. The Khandjians filed a motion to dismiss to contest service based solely on the appellee's failure to comply with Florida Rule of Civil Procedure 1.070(j).[1] The court denied the Khandjians' motion to dismiss, presumably finding that good cause had been shown why service had not been *349 made within 120 days. In this appeal, the Khandjians challenge the trial court's finding of good cause.
In the motion to dismiss filed in this court, the appellee argues that this court lacks jurisdiction to review a nonfinal order denying a motion to dismiss. To constitute an appealable nonfinal order, the order must fall within one of the enumerated categories under rule 9.130(a)(3). The only category within which the appealed order might fit is "jurisdiction of the person." See Fla.R.App.P. 9.130(a)(3)(C)(i). If the order does not fall into this category or is not reviewable by certiorari, then we have no jurisdiction.
Prior to the supreme court's decision in Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992), it was consistently held that an order denying a motion to dismiss based on rule 1.070(j) is not an appealable nonfinal order. See Hondorat v. Genova, 579 So.2d 286 (Fla. 3d DCA 1991); LeClaire v. Schneider, 579 So.2d 925 (Fla. 4th DCA 1991); DCA of Hialeah, Inc. v. Lago Grande One Condominium Ass'n, Inc., 559 So.2d 1178 (Fla. 3d DCA 1990); Macke Laundry Services, Inc. v. Saintil, 568 So.2d 541 (Fla. 4th DCA 1990); Cole v. Posada, 555 So.2d 367 (Fla. 3d DCA 1989). After the Morales decision, the only opinion that has passed upon the jurisdictional issue is Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992).
In Austin, the plaintiff failed to effectuate service within 120 days on the state attorney because of failure to serve the Department of Insurance. The court reasoned that the validity, and not just the timeliness, of the service of process was involved and therefore the order was appealable as one determining jurisdiction of the person. The court further reasoned that the district court cases that denied review antedated Morales. Moreover, the court noted that the plaintiff had admitted noncompliance with the statutory requirement of serving the Department of Insurance.
The only other post-Morales decision we have found in which the court reviewed a nonfinal order denying a motion to dismiss is Gondal v. Martinez, 606 So.2d 490 (Fla. 3d DCA 1992). In Gondal, the court reviewed an order denying a motion filed pursuant to rule 1.070(j). Although the court did not comment on its jurisdiction to review the order of denial, the facts provided indicate that service on the secretary of state was considered ineffective to obtain jurisdiction over the defendant in that particular case. It therefore appears that the court exercised its jurisdiction pursuant to rule 9.130(a)(3)(C)(i).
Unlike Austin or Gondal, the facts of this case do not suggest that jurisdiction over the Khandjians in their individual capacity could not be obtained properly by serving them at their residence. Thus, there is no issue regarding the validity of service of process as there was in Austin and Gondal.
As for Morales, we do not read that decision to render appealable an order denying a motion to dismiss based solely on the failure to obtain timely service of process. Nothing in Morales touches upon a nonfinal order of this nature bestowing jurisdiction in this court. In fact, the orders of the trial courts in the two district court cases reviewed in Morales were final orders of dismissal. Thus, absent an amendment to rule 9.130 or decision of the supreme court, we find that the spectrum of appealable nonfinal orders has not been expanded to include orders denying motions to dismiss based solely on failure to obtain timely service. We also find that certiorari does not lie to review this nonfinal order. See Macke Laundry. Accordingly, we dismiss this appeal for lack of jurisdiction.
Motion granted.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.
NOTES
[1] This rule is now designated 1.070(i), after its 1992 amendment. The 1992 amendment does not affect our decision in this case.