626 So.2d 1002 (1993)
RD & G LEASING, INC., Appellant,
v.
Richard Nicholas STEBNICKI, Appellee.
No. 92-2179.
District Court of Appeal of Florida, Third District.
October 26, 1993.
Rehearing Denied December 14, 1993.
*1003 Richard A. Sherman, P.A., Ft. Lauderdale, Law Offices of Roland Gomez and Steven A. Edelstein, Miami, for appellant.
G.P. Weidinger, Ft. Lauderdale, for appellee.
Before HUBBART, BASKIN and COPE, JJ.

ON MOTION TO DISMISS
COPE, Judge.
RD & G Leasing, Inc., appeals an order denying its motion to dismiss the complaint for failure of plaintiff-appellee Richard N. Stebnicki to accomplish service of process within the 120 days required by Florida Rule of Civil Procedure 1.070(i) (1993).[*] As the order is a nonappealable non-final order, the appeal is dismissed on authority of Rosenthal v. Watkins, 623 So.2d 855 (Fla. 3d DCA 1993); Macke Laundry Services, Inc. v. Saintil, 568 So.2d 541 (Fla. 4th DCA 1990); DCA of Hialeah, Inc. v. Lago Grande One Condominium Ass'n, Inc., 559 So.2d 1178 (Fla. 3d DCA 1990); Cole v. Posada, 555 So.2d 367 (Fla. 3d DCA 1989). Certiorari is denied on authority of Macke, 568 So.2d at 542, because there is an adequate remedy by appeal at the conclusion of the case.
RD & G attempts to distinguish the foregoing authorities, based on the fortuity that the written order denying the motion to dismiss also contained a ruling which quashed service of process. It is, of course, true that an order quashing service of process is an appealable non-final order. See Fla.R.App.P. 9.130(a)(3)(C)(i); Far Out Music, Inc. v. Jordan, 438 So.2d 912, 913 (Fla. 3d DCA 1983). RD & G reasons that if the written order contains one ruling which is subject to interlocutory appeal under Rule 9.130, then any other ruling which is contained in the same written order "tags along" and is reviewable on interlocutory appeal. That is not so. To begin with, RD & G procured the ruling quashing service. Neither RD & G nor any other party to this case has appealed the ruling quashing service. More important, only the matters set forth in Rule 9.130 have been determined to justify an interlocutory appeal as a matter of right. An order denying a motion to dismiss under present rule 1.070(i) is not such a matter and may not be the subject of interlocutory appeal. See Northcutt v. Pathway Financial, 555 So.2d 368, 369 (Fla. 3d DCA 1989), review denied, 563 So.2d 633 (Fla. 1990). Orders which are not enumerated in Rule 9.130 must await review at the end of the case, unless they meet the standard for certiorari or another extraordinary writ. As already stated, the standards for review by certiorari, the only arguably available writ, have not been satisfied in this case.
In support of its analysis, RD & G relies on Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992). That case, however, by its terms involves the jurisdictional effects of section 768.28, Florida Statutes (1989), a consideration which is entirely absent in the present case. Austin is readily distinguished from the case now before us.
RD & G's reliance on Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992), is also misplaced. That decision did not address the question of appealability of a non-final order denying a motion to dismiss under Rule 1.070(i).
Appeal dismissed.
NOTES
[*] Prior to January 1, 1993, the rule was designated Rule 1.070(j). See In re Amendments to Florida Rules of Civil Procedure, 604 So.2d 1110, 1117 (Fla. 1992).

An earlier appeal between these parties is reported as Stebnicki v. Wolfson, 584 So.2d 177 (Fla. 3d DCA 1991).