630 So.2d 628 (1994)
Ian COMISKY, Appellant,
v.
ROSEN MANAGEMENT SERVICE, INC., a Florida corporation, Appellee.
No. 92-3321.
District Court of Appeal of Florida, Fourth District.
January 5, 1994.
*629 Robert D. Moses of Wiederhold, Moses, Bulfin & Rubin, P.A., West Palm Beach, for appellant.
Michael B. Small and Lisa S. Small of Small, Small & Small, P.A., Palm Beach, for appellee.
EN BANC
WARNER, Judge.
Appellant challenges an order denying a motion to dismiss pursuant to Florida Rule of Civil Procedure 1.070(i), (formerly designated 1.070(j)), which provides that complaints must be served on defendants within 120 days of their filing. The appellee has moved to dismiss this non-final appeal based on the authority of Macke Laundry Services, Inc. v. Saintil, 568 So.2d 541 (Fla. 4th DCA 1990), which held that an appeal from such an order was a non-final nonappealable order and that we could not consider the matter on certiorari review. We have considered this case en banc for the purpose of receding from that ruling in part.[1] We reverse.
We hold that an order denying a motion to dismiss a complaint claiming that service was effected after the 120-day time limit prescribed by Florida Rule of Civil Procedure 1.070(i) is an "order determining jurisdiction over the person" and thus appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). We recognize that in doing so we depart from all prior precedent,[2] but we find that Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992), supports this change.
Rule 1.070(i) states:
Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
As the rule provides for either dismissal of the action or dropping of the defendant, its violation deals with the power of the court "to bind [the defendants] to any ultimate decision rendered in the case," see Department of Professional Regulation v. Rentfast, Inc., 467 So.2d 486, 487 (Fla. 5th DCA 1985), because the service on a defendant will be invalid if it exceeds the prescribed time limit without good cause.
In Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992), the supreme court approved this court's opinion holding that where service of the summons and complaint was not made within the 120-day time limit and the plaintiff failed to show good cause for the delay, dismissal of the complaint is mandatory. The court noted that then-designated rule 1.070(j) was patterned after Federal Rule of Civil Procedure 4(j). In the federal courts a claim that a party was not served within the 120-day period has been treated as a defect in service of process, making it "insufficient." See McDonald v. United States, 898 F.2d 466 (5th Cir.1990); Kearns v. Ferrari, S.p.A., 752 F. Supp. 749 (E.D.Mich. 1990). It is raised by asserting *630 insufficiency of service of process by motion or by way of a defense under rule 12(b). See Zisman v. Sieger, 106 F.R.D. 194 (D.C.Ill. 1985). Under rule 9.130(a)(3)(C)(i), a motion to dismiss or quash for insufficiency of process is appealable. See Local No. 666, Concrete Products and Material Yard Workers, Laborers International Union of North America, AFL-CIO v. Dennis, 453 So.2d 1138 (Fla. 4th DCA 1984). Therefore, we conclude that as a failure to serve process within the 120-day time limit goes to the sufficiency of the service of process, and thus the validity of the process to subject the defendant to the jurisdiction of the court, an order denying a motion to dismiss on those grounds determines the jurisdiction of the person and is appealable.
We think that it is also significant that the time limitation is contained within the rule relating to "Process." The requirements of rule 1.070 establish valid service and are reviewable by non-final appeals. See, e.g., Bradley Fiduciary Corp. v. Citizens and Southern Int'l Bank, 431 So.2d 196 (Fla. 3d DCA 1983) (non-final appeal challenging appointment of special process server); White v. Kirsch, 427 So.2d 1119 (Fla. 3d DCA 1983) (non-final appeal challenging sufficiency of allegations regarding basis for service of process); Gilbert v. Gilbert, 187 So.2d 49 (Fla. 3d DCA 1966) (interlocutory appeal regarding constructive service of process). The time limitation of rule 1.070(i) simply adds an additional requirement for valid service.
Finally, the argument advanced by prior cases contends that the rule merely relates to timeliness which does not affect the reach of the court, see Cole v. Posada, 555 So.2d 367 (Fla. 3d DCA 1989). However, even before the adoption of rule 1.070(i), timeliness could be an issue affecting the validity of service. Section 48.20, Florida Statutes (1991) provides that service of process on a Sunday is void, and a motion to quash service on Sunday has been reviewed by interlocutory appeal. See Harden v. Harden, 125 So.2d 124 (Fla. 3d DCA 1960). Thus, the time of service can affect its validity and be reviewed on non-final appeal. Rule 1.070(i) adds an additional timeliness concern which is reviewable under rule 9.130(a)(3)(C)(i).
As to the merits, we reverse. This case arose out of a dispute between a condominium association and appellee, a management service. Appellee filed a "counter-complaint" against the appellant as a director of the association in September 1991, and then an amended counterclaim on December 5, 1991. The first attempt at service on appellant was made by the sheriff on December 11, 1991. The appellant was not found but an alternate address in Pennsylvania was given. No attempt was made to serve appellant at the alternate address. On January 9, 1992, a motion to dismiss the amended counterclaim made by other served defendants was granted and led to the filing of a third party complaint in March 1992 naming appellant as a defendant.
Prior to the filing of the third party complaint, in January of 1992, appellant, by special appearance of counsel, made his first motion to dismiss for failure to complete service within 120 days. However, despite being alerted to the fact that service had not been completed, appellee made no further attempts at service until after 120 days had passed since the filing of the third party complaint and over six months since the one and only unsuccessful attempt at service on appellant. It was not until after appellant's second motion to dismiss for failure to comply with rule 1.070(j) in July of 1992 that appellee made any further attempts at service.
The appellee's attorney's affidavit in response to the motion gave no reason at all as to why steps were not taken to serve appellant for over six months even though appellant's address and whereabouts were known. Appellee claims that no prejudice to appellant has been shown, but that is not the test. See In re City of Philadelphia Litigation, 123 F.R.D. 515 (E.D.Pa. 1988). Appellee has thus shown no "cause," let alone "good cause," for its failure to secure service within the 120-day limit prescribed by the rule.
Morales is on point and requires the dismissal of the complaint as to this appellant.
Reversed and remanded for entry of an order of dismissal as to appellant.
*631 ANSTEAD, GLICKSTEIN, STONE, FARMER, KLEIN and PARIENTE, JJ., concur.
POLEN, J., dissenting with opinion with which DELL, C.J., and HERSEY and GUNTHER, JJ., concur.
POLEN, Judge, dissenting.
I respectfully dissent. In my view, Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992), does not warrant a conclusion that we should now expand the class of appealable non-final orders under rule 9.130(a)(3) to include orders that deny a motion to dismiss brought pursuant to rule 1.070(j), based solely on the failure to obtain timely service of process. I share the view of the Second District in Khandjian v. Compagnie Financiere Mediterranee Cofimed, 619 So.2d 348 (Fla. 2d DCA 1993), that to construe Morales otherwise, without an amendment to rule 9.130 or a decision by the supreme court, is wholly improper. As the Khandjian Court noted, prior to Morales, the law was wellsettled that an order that denied a motion to dismiss brought under rule 1.070(j) was not an appealable nonfinal order.[3] Further, both district court cases reviewed in Morales were appeals from orders that granted dismissal.[4] At the time Khandjian was written, the only court that had addressed the jurisdictional issue was Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992). In that case, the court affirmed the order that granted dismissal, noting that the district court cases that denied review predated Morales. However, the court affirmed after it reasoned that the validity of the service of process itself was defective, not merely the timeliness thereof. As a result, the order was appealable under rule 9.130(a)(3)(C)(i), because it determined jurisdiction over the person. In Gondal v. Martinez, 606 So.2d 490 (Fla. 3d DCA 1992), the court did not discuss the jurisdictional issue, but again, the service of process itself was defective and was insufficient to obtain jurisdiction over the defendant. Thus, the court exercised its jurisdiction pursuant to rule 9.130(a)(3)(C)(i). In contrast, in another post-Morales case, Weissman v. Joye, 619 So.2d 347 (Fla. 2d DCA 1993), where the validity of the service of process was not at issue, the same Second District panel as in Khandjian held that the order appealed was not one that determined jurisdiction of the person pursuant to rule 9.130(a)(3)(C)(i), and accordingly dismissed the appeal for lack of jurisdiction. Accord Rosenthal v. Watkins, 623 So.2d 855 (Fla. 3d DCA 1993) (relying on Khandjian and Joye).
Prior to today's decision, this court long recognized that Florida Rule of Appellate Procedure 9.130 "limits rather than broadens review of non-final orders." Scheuer v. Wille, 370 So.2d 1166 (Fla. 4th DCA 1979). In deference to the limitations placed by rule 9.130 on the types of non-final orders that are appealable, the supreme court wrote in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987): "We emphasize, first of all, that common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders." Id. at 1098. This party has a remedy available on plenary appeal. The time, expense and inconvenience of a trial is not a ground for this court to exercise its extraordinary writ jurisdiction[5] under the facts presented, and Morales, in my opinion, does not provide this appellant by way of non-final appeal, with what it could not obtain *632 through a petition for common law certiorari. Accordingly, I dissent.
NOTES
[1] Over sixty days after the appellee's brief was due appellee moved for an extension of time to file an answer brief explaining that the attorney was busy with other matters. Such untimeliness in seeking an extension will not be countenanced by this court, and we have denied an extension in which to file an answer brief. We are confident that we have the necessary portions of the proceedings below to support the decision herein.
[2] Khandjian v. Compagnie Financiere Mediterranee Cofimed, S.A., 619 So.2d 348 (Fla. 2d DCA 1993); DCA of Hialeah, Inc. v. Lago Grande One Condominium Ass'n, Inc., 559 So.2d 1178 (Fla. 3d DCA 1990); Cole v. Posada, 555 So.2d 367 (Fla. 3d DCA 1989).
[3] See Hondorat v. Genova, 579 So.2d 286 (Fla. 3d DCA 1991); LeClaire v. Schneider, 579 So.2d 925 (Fla. 4th DCA 1991); DCA of Hialeah, Inc. v. Lago Grande One Condominium Ass'n, 559 So.2d 1178 (Fla. 3d DCA 1990); Macke Laundry Services, Inc. v. Saintil, 568 So.2d 541 (Fla. 4th DCA 1990); Cole v. Posada, 555 So.2d 367 (Fla. 3d DCA 1989).
[4] See Morales v. Sperry Rand Corp., 578 So.2d 1143 (Fla. 4th DCA 1991), and Berdeaux v. Eagle-Picher Industries, 575 So.2d 1295 (Fla. 3d DCA 1990).
[5] See e.g. Hartford Acc. and Indem. Co. v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); Doerschuck v. Doerschuck, 481 So.2d 1317 (Fla. 4th DCA 1986) (Glickstein, J., specially concurring).