POLEN, Judge,
dissenting.
I respectfully dissent. In my view, Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992), does not warrant a conclusion that we should now expand the class of appealable non-final orders under rule 9.130(a)(3) to include orders that deny a motion to dismiss brought pursuant to rule 1.070(j), based solely on the failure to obtain timely service of process. I share the view of the Second District in Khandjian v. Compagnie Financier Mediterranee Cofimed, 619 So.2d 348 (Fla. 2d DCA 1993), that to construe Morales otherwise, without an amendment to rule 9.130 or a decision by the supreme court, is wholly improper. As the Khandjian Court noted, prior to Morales, the law was well-settled that an order that denied a motion to dismiss brought under rule 1.070® was not an appealable nonfinal order.[3] Further, both district court cases reviewed in Morales were appeals from orders that granted dismissal.[4] At the time Khandjian was written, the only court that had addressed the jurisdictional issue was Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992). In that case, the court affirmed the order that granted dismissal, noting that the district court eases that denied review predated Morales. However, the court affirmed after it reasoned that the validity of the service of process itself was defective, not merely the timeliness thereof. As a result, the order was appealable under rule 9.130(a)(3)(C)(i), because it determined jurisdiction over the person. In Gondal v. Martinez, 606 So.2d 490 (Fla. 3d DCA 1992), the court did not discuss the jurisdictional issue, but again, the service of process itself was defective and was insufficient to obtain jurisdiction over the defendant. Thus, the court exercised its jurisdiction pursuant to rule 9.130(a)(3)(C)(i). In contrast, in another post-Morales case, Weissman v. Joye, 619 So.2d 347 (Fla. 2d DCA 1993), where the validity of the service of process was not at issue, the same Second District panel as in Khandjian held that the order appealed was not one that determined jurisdiction of the person pursuant to rule 9.130(a)(3)(C)(i), and accordingly dismissed the appeal for lack of jurisdiction. Accord Rosenthal v. Watkins, 623 So.2d 855 (Fla. 3d DCA 1993) (relying on Khandjian and Joye).
Prior to today’s decision, this court long recognized that Florida Rule of Appellate Procedure 9.130 “limits rather than broadens review of non-final orders.” Scheuer v. Wille, 370 So.2d 1166 (Fla. 4th DCA 1979). In deference to the limitations placed by rule 9.130 on the types of non-final orders that are appealable, the supreme court wrote in Martin-Johnson,, Inc. v. Savage, 509 So.2d 1097 (Fla.1987): “We emphasize, first of all, that common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.” Id. at 1098. This party has a remedy available on plenary appeal. The time, expense and inconvenience of a trial is not a ground for this court to exercise its extraordinary writ jurisdiction[5] under the facts presented, and Morales, in my opinion, does not provide this appellant by way of non-final appeal, with what it could not ob *632 tain through a petition for common law cer-tiorari. Accordingly, I dissent.

. See Hondorat v. Genova, 579 So.2d 286 (Fla. 3d DCA 1991); LeClaire v. Schneider, 579 So.2d 925 (Fla. 4th DCA 1991); DCA of Hialeah, Inc. v. Lago Grande One Condominium Assn, 559 So.2d 1178 (Fla. 3d DCA 1990); Macke Laundry Services, Inc. v. Saintil, 568 So.2d 541 (Fla. 4th DCA 1990); Cole v. Posada, 555 So.2d 367 (Fla. 3d DCA 1989).

. See Morales v. Sperry Rand Corp., 578 So.2d 1143 (Fla. 4th DCA 1991), and Berdeaux v. Eagle-Picher Industries, 575 So.2d 1295 (Fla. 3d DCA 1990).

. See e.g. Hartford Acc. and Indem. Co. v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); Doerschuck v. Doerschuck, 481 So.2d 1317 (Fla. 4th DCA 1986) (Glickstein, J., specially concurring).