634 So.2d 660 (1994)
The SHERIFF OF BREVARD COUNTY, Appellant,
v.
Barbara LAMPMAN-PRUSKY, Appellee.
No. 93-1397.
District Court of Appeal of Florida, Fifth District.
February 18, 1994.
Rehearing Denied April 14, 1994.
*661 Sandra Manjasek of Gosney, Manjasek and Moore, Daytona Beach, for appellant.
O. John Alpizar and Timothy M. Ingram of the Law Offices of Alpizar & Gray, P.A., Palm Bay, for appellee.
PER CURIAM.
The trial court denied the sheriff's motion to dismiss appellee's action even though appellee failed to perfect service of process upon the Department of Insurance within 120 days of filing suit. See Fla. R.Civ.P. 1.070(i).[1] Under Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla. 1992), trial courts have "broad discretion in declining to dismiss an action if reasonable cause for failure to effect timely service is documented." Here, the trial court's finding of reasonable cause for appellee's failure to serve the department focused on two documented events: the confusion and delay surrounding a stipulation of the parties in which counsel for the sheriff agreed to voluntarily accept service of appellee's amended complaint, as well as rulings of the trial court which originally struck an affirmative defense raising this issue but which subsequently allowed this issue to be raised by motion to dismiss. Given this finding, we conclude that the trial court did not abuse its broad discretion in declining to dismiss appellee's action.
AFFIRMED.
COBB, W. SHARP and DIAMANTIS, JJ., concur.
NOTES
[1] We have jurisdiction. See Comisky v. Rosen Management Service, 630 So.2d 628 (Fla. 4th DCA 1994). Contra RD & G Leasing v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993); Rosenthal v. Watkins, 623 So.2d 855 (Fla. 3d DCA 1993); Khandjian v. Compagnie Financiere Mediterranee Cofimed, 619 So.2d 348 (Fla. 2d DCA 1993); Weissman v. Joye, 619 So.2d 347 (Fla. 2d DCA 1993).