650 So.2d 193 (1995)
Yvette WALLER, Appellant,
v.
Ernest WALLER, Appellee.
No. 94-02522.
District Court of Appeal of Florida, Second District.
February 10, 1995.
John E. Swisher, St. Petersburg, for appellant.
Stephen O. Cole and J. Matthew Marquardt of Macfarlane Ausley Ferguson & McMullen, Clearwater, for appellee.
DANAHY, Acting Chief Judge.
The appellee (the plaintiff) originated this action by filing a complaint against the appellant (the defendant) and another party on August 31, 1990. A motion to dismiss was filed by the defendant on July 22, 1993, alleging that the initial complaint was filed but never served on her within 120 days as required by Florida Rule Civil Procedure 1.070(i). The trial court entered an order granting the motion to dismiss.
Subsequently, the plaintiff filed a motion for rehearing, reconsideration and leave to amend his complaint, essentially requesting that the appellant be added again as a defendant to the pending action. In his motion the plaintiff also filed a motion to extend time for service. An order was entered on June 20, 1994, granting the plaintiff's motion to amend the complaint and to add the appellant as a defendant, and granting an extension of time within which to serve the appellant. The appellant seeks to bring this order before us for review. We find both dispositions in the order to be nonfinal and nonappealable. Accordingly, we dismiss.
In Khandjian v. Compagnie Financiere Mediterranee Cofimed, S.A., 619 So.2d 348 *194 (Fla.2d DCA 1993), this court adopted the position that an order denying a motion to dismiss under rule 1.070(i) is not an appealable nonfinal order because it does not involve a question of personal jurisdiction. Thus, such an order does not fall within any of the categories listed in Florida Rule of Appellate Procedure 9.130(a)(3).
We believe the analysis in Khandjian requires us to hold that the granting of the plaintiff's request to amend his complaint and to add the appellant again as a defendant does not involve a matter of personal jurisdiction. Neither that part of the order nor the part granting an extension of time within which to serve the appellant is appealable under rule 1.930(a)(3).
Accordingly, we dismiss this appeal because the order sought to be reviewed is a nonfinal, nonappealable order.
Appeal dismissed.
CAMPBELL and SCHOONOVER, JJ., concur.