PER CURIAM.
Defendant appeals an order which denies both its motion to quash service and to dismiss plaintiffs complaint. We affirm the order insofar as it determines that plaintiff properly served defendant. § 48.161(1), Fla. Stat. (1993). We dismiss the appeal from that portion of the order which denied defendant’s motion to dismiss filed pursuant to Florida Rule of Civil Procedure 1.070(i). An order denying a motion to dismiss based on that rule is a non-final, nonappealable order. Hicks v. City of Hialeah, 647 So.2d 984 (Fla. 3d DCA 1994); Polo v. Polo, 643 So.2d 55 (Fla. 3d DCA 1994), review dismissed, 651 So.2d 1195 (Fla.1995); RD & G Leasing, Inc. v. Stebnicki 626 So.2d 1002 (Fla. 3d DCA 1993); Rosenthal v. Watkins, 623 So.2d 855 (Fla. 3d DCA 1993); Honorat v. Genova, 579 So .2d 286, 287 (Fla. 3d DCA 1991). Accord Khandjian v. Compagnie Financiere Mediterranee Cofimed, S.A., 619 So.2d 348, 349 (Fla. 2d DCA 1993). Contra Sheriff of Brevard County v. Lampman-Prusky, 634 So.2d 660 (Fla. 5th DCA 1994); Comisky v. Rosen Management Serv., Inc., 630 So.2d 628, 631 (Fla. 4th DCA 1994) (en banc); Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992). Defendant’s reliance on Gondal v. Martinez, 606 So.2d 490 (Fla. 3d DCA 1992), is misplaced. In Gondal, the trial court’s personal jurisdiction over defendant was the issue before this court; the language concerning Rule 1.070(j) was clearly dicta. See Khandjian, 619 So.2d at 349; Comisky, 630 So.2d at 631 (Polen, J., dissenting). Accordingly, we affirm the order denying the motion to quash service and dismiss the appeal from the order denying the motion to dismiss.
Affirmed in part, dismissed in part, and cause remanded.