JOANOS, Judge.
Appellant, Jerome C. Kos, appeals the rulings in three probate orders. We dismiss the appeal, because the orders at issue are non-appealable interlocutory orders, and they are not appropriate for review' by certiorari.
The order of July 3, 1997, denied appellant’s petition for an accounting of assets in existence prior to the decedent’s death, which did not come into the probate estate. The order also granted appellee’s motion to dismiss, with leave to appellant to serve an amended petition to revoke probate, and to serve amended pleadings, possibly to include a petition for an accounting, or to file an objection to the inventory previously filed by the personal representative. The order of October 7, 1997, denied appellant’s petition for production of assets, which the probate court construed as a request for an accounting of the decedent’s financial affairs for the preceding nine years. The order of November 12, 1997, denied appellant’s motion for rehearing, motion to amend, and motion to permit limited discovery. This order also granted appellee’s motion to quash notice of taking deposition duces tecum and the subpoena issued thereto.
The portions of the appeal relating to the orders of July 3, and October 7, 1997, are dismissed, because the orders are non-appealable interlocutory orders, neither of which qualify to be considered for certio-rari review. We recognize that the order of October 7, 1997, contains a statement suggesting the probate judge may have believed, albeit incorrectly, that he was without jurisdiction to decide some of the adversarial issues appellant attempted to raise. Nevertheless, we conclude the probate court’s denial of the petition for production of assets was proper on the existing record. The appeal of the November 12, 1997, order is dismissed insofar as the order denies rehearing of the petition for an accounting and discovery as to nonpro-bate assets of the estate, because the ruling was based on the deficiencies in the existing pleadings and status of the case. Further, the order does not finally determine the rights of either party with regard to the probate estate. While the portion of the order which quashed service of process may be appealable, see RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993), we affirm the probate court’s ruling in this regard, due to the deficiencies in the pleadings.
Accordingly, this appeal is dismissed.
ERVIN, J., and SHIVERS, DOUGLASS B., Senior Judge, concur.