603 So.2d 66 (1992)
T. Edward AUSTIN, as State Attorney of the Fourth Judicial Circuit of Florida, Appellant,
v.
Deborah Carol GAYLORD, Appellee.
No. 91-1408.
District Court of Appeal of Florida, First District.
July 29, 1992.
J. Bruce Bickner of Dawson, Galant, Sulik, Wiesenfeld & Bickner, Jacksonville, for appellant.
No appearance for appellee.
ZEHMER, Judge.
We review a nonfinal order of the trial court denying Appellant, T. Edward Austin's, motion to dismiss the civil complaint against him.[1] Appellant's motion to dismiss alleged that, as Plaintiff sued him in his capacity as state attorney for damages based on charges of malicious prosecution, negligence, and violations of 42 U.S.C.A. §§ 1982, 1983 and 1985, service of process *67 had to be effected in accordance with section 768.28(7), Florida Statutes (1989). This subsection requires that service of process on both the state agency sued and the Department of Insurance is essential to acquire jurisdiction over the state agency, in this case Austin as state attorney.
The trial court granted Appellant's first motion to dismiss the complaint based on Plaintiff's failure to serve the Department of Insurance with the pleadings and process, and ordered that amended pleadings be served on that department. Pursuant to this order, Plaintiff filed an amended complaint, but again did not serve the Department of Insurance. When more than 120 days after the filing of the amended complaint had passed, Appellant filed another motion to dismiss based on Plaintiff's failure to effect the necessary service of process on the Department of Insurance, alleging that the action had to be dismissed pursuant to rule 1.070(j), Florida Rules of Civil Procedure. Plaintiff offered no evidence to show the exercise of due diligence or good cause for not having served the Department of Insurance. The trial court ordered the motion denied, however; but the order further recited that, "it appearing to the Court that the Department of Insurance has not been served with process as ordered by Order of June 25, 1990," it is ordered that "plaintiff has to serve the Department of Insurance of the State of Florida with service of process before jurisdiction is conferred with respect to T. Edward Austin, as State Attorney of the Fourth Judicial Circuit of Florida."
Appealing this order, Appellant contends that the requirement of service within 120 days found in rule 1.070(j) is mandatory, and that the trial court erred in failing to dismiss the complaint for failure to serve the Department of Insurance within the 120-day period specified in the rule. We agree with this contention. In Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992), upon reviewing the district court of appeal's decision strictly construing and applying rule 1.070(j) to require dismissal of the action for the plaintiff's failure to serve process on the defendant within the stated time period, the supreme court made it abundantly clear that the 120-day period specified in the rule is to be strictly applied to effect its purpose, stating:
For rule 1.070(j) to fulfill its mission of assuring diligent prosecution of lawsuits once a complaint is filed, the district court's conclusion and analysis must be approved. We do not believe that the rule is unduly harsh in that the trial judge has broad discretion under Florida Rule of Civil Procedure 1.090(b) to extend the time limitation if reasonable grounds are asserted before the 120-day period expires. Likewise, the trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented.
Id. at 540. Since Plaintiff in the case before us neither moved for an extension of time for serving process on the Department of Insurance to perfect jurisdiction over the person of Appellant before expiration of the 120-day period, nor documented reasonable cause for the failure to effect timely service on the department, the trial court erred in denying Appellant's motion to dismiss.
We are aware of the decisions holding that district courts of appeal do not have jurisdiction under rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure,[2] to review orders denying a motion to dismiss for noncompliance with rule 1.070(j). Macke Laundry Services, Inc. v. Saintil, 568 So.2d 541 (Fla. 4th DCA 1990); DCA of Hialeah, Inc. v. Lago Grande One Condominium Ass'n Inc., 559 So.2d 1178 (Fla. 3d DCA 1990); and Cole v. Posada, 555 So.2d 367 (Fla. 3d DCA 1990). In each of those cases, the court determined that the issue raised on appeal involved only the timeliness of service under that rule and not the validity of the service of process itself. Moreover, those decisions antedate the supreme court's recent opinion in Morales *68 concerning the strict consequences of failing to comply with the requirements of rule 1.070(j). We do not, therefore, consider those cases controlling on the issue of our jurisdiction to review the present order because Plaintiff's admitted noncompliance with the statutory requirement of service on the Department of Insurance to obtain jurisdiction over Austin as state attorney involves the legality of the service of process itself as distinguished from the mere timeliness of such service already accomplished.
For these reasons, the appealed order is reversed and this cause is remanded with directions to dismiss the action against appellant Austin in accordance with his motion.
REVERSED AND REMANDED.
WOLF and KAHN, JJ., concur.
NOTES
[1] Appellee has not filed an answer brief.
[2] This rule allows appellate review of nonfinal orders that determine "jurisdiction of the person."