640 So.2d 120 (1994)
Vanessa J. TURNER, et al., Appellants,
v.
Walter J. GALLAGHER, Sheriff of Orange County, Appellee.
No. 93-2599.
District Court of Appeal of Florida, Fifth District.
July 22, 1994.
R. Lee Dorough of Whitaker & Dorough, Orlando, for appellants.
Jeffrey G. Slater of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, for appellee.
*121 GRIFFIN, Judge.
Vanessa J. Turner and her husband, Johnny [the Turners], plaintiffs below, appeal the trial court's order granting a summary final judgment in favor of appellee, Walter J. Gallagher, the Sheriff of Orange County. We reverse.
On July 19, 1990, the Turners filed a negligence complaint against Sheriff Gallagher alleging that Vanessa was injured in an automobile accident on March 15, 1989 when the car in which she was riding as a passenger was struck by an automobile driven by an on-duty Orange County Deputy. After Sheriff Gallagher moved to dismiss the complaint for failure to provide notice to the Department of Insurance, as required by section 768.28(6)(a), Florida Statutes (1991), the Turners amended their complaint to aver that the requisite notice had been provided. The record shows that the Department of Insurance was, in fact, properly notified of the lawsuit.
Sheriff Gallagher then filed an answer and affirmative defenses to the claims and filed a counterclaim against Johnny alleging that his negligence as driver of the vehicle in which Vanessa was riding caused the automobile accident. Then, on July 28, 1993, after the cause had been set for trial, Sheriff Gallagher moved to dismiss the Turners' amended complaint or, in the alternative, for summary judgment alleging that the Turners had failed to serve the Department of Insurance with process within 120 days of filing the initial complaint. Sheriff Gallagher contends that pursuant to section 768.28(7), Florida Statutes, and rule 1.070(i) of the Florida Rules of Civil Procedure, if the Department of Insurance is not served with process within 120 days of filing the complaint, the action must be dismissed. The parties agree that although the Turners timely and properly served Sheriff Gallagher with process, the Department of Insurance was not served with process within 120 days. The lower court granted Sheriff Gallagher's motion and dismissed the complaint for lack of timely service on a defendant. We reverse.
Section 768.28(7), Florida Statutes (1991), provides:
(7) In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality or the Spaceport Florida Authority, upon the Department of Insurance; and the department or the agency concerned shall have 30 days within which to plead thereto.
The 120 day deadline for service of process is contained in rule 1.070(i) of the Florida Rules of Civil Procedure:
(i) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
We agree with the Turners that Rule 1.070(i) should be applied literally  that is to say, dismissal is authorized only in those cases where a defendant has not been served within 120 days. Here, the only defendant in the lawsuit was timely served. Even if the term "party" has a fluid meaning, Messmer v. Teacher's Ins. Co., 588 So.2d 610 (Fla. 5th DCA 1991), the term "defendant" unambiguously means a party named in a lawsuit against whom some type of relief or recovery is sought or who claims an interest adverse to the plaintiff. Fla.R.Civ.P. 1.210(a). The department does not appear in these cases, and no judgment could be obtained by the Turners against the department. A plaintiff's failure to comply with the provisions of section 768.28(7) might warrant abatement of the lawsuit until the statutory requirement of section 768.28(7) has been complied with, but Rule 1.070(i) is simply inapplicable. In so holding, we certify conflict with the First District Court of Appeal. Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992).
Several factors, apart from the plain language of the rule, impel our decision. First, nothing in Chapter 768 suggests the Department of Insurance is to be made a "party" to *122 the action, or even mentioned in the action.[1] Presumably, this is because no relief is sought or obtainable from the Department of Insurance. It is not at all clear that the "department or the agency concerned" referenced in section 768.28(7) refers to the Department of Insurance. "Department" may simply mean the principal administrative unit of the executive branch that has been sued. § 20.04, Fla. Stat. (1993). If this reference does mean the Department of Insurance, the duty of the department or agency to plead is in the disjunctive, and in a case such as this,[2] they have nothing to plead.
Also, although section 768.28(6) imposes a deadline for the giving of notice, section 768.28(7) does not, on its own, establish any time limits for serving the Department of Insurance. Although we are bound to strictly construe the state's waiver of sovereign immunity, Menendez v. North Broward Hosp. Dist., 537 So.2d 89, 91 (Fla. 1988), we do not have to read into it a provision of the Rules of Civil Procedure that did not even exist when the statutory waiver was created.
The usual purpose of service of process is to meet the obligations of due process to notify the defendant that he is being sued, to inform him about the nature of the suit, and to warn him that he must appear within a certain time to make such defense as he has. See State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145 (1940); Abbate v. Provident Nat'l Bank, 631 So.2d 312, 313 (Fla. 5th DCA 1994). However, the purpose of sections 768.28(6) and (7) requiring notice to and service of process upon the Department of Insurance is a mystery.
In Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983), the supreme court could find no explanation. The court noted that an official of the Department of Insurance had supplied an affidavit swearing that the department had no financial interest in such suits and no role or other function in the defense of such claims. 442 So.2d at 211. The supreme court went so far as to suggest that the requirement of notice and service of process on an entity that is not a department or agency of the executive branch was a mistake. Id. at 212. The Levine court ended up by concluding that no matter what the reason or lack of reason for requiring notice to the department, the statute had to be complied with in accordance with its terms.
Our task in this case is different. We recognize that the statute has to be complied with. The question is whether the statute makes the Department of Insurance a "defendant" in such cases thereby invoking Rule 1.070(i). As we have said, we conclude it does not. Merely serving someone with process does not create a defendant. There are several possible purposes for the statutory service of process requirement (other than mistake) that we can conjure up. It may have been intended to facilitate the assisting role of the Department of Insurance as authorized by section 768.28(3). More likely, the legislature intended to create a centralized repository of all claims and lawsuits against the State and its subdivisions brought pursuant to section 768.28. Neither of these functions would make the department a nominal party or a real party in interest.
We note that the First District Court of Appeal began its analysis of this issue with the proposition that section 768.28(7) sets up the dual service of process requirement as the prerequisite for the circuit court to acquire jurisdiction over the state agency. Austin v. Gaylord, 603 So.2d at 67. We do not glean this interpretation from the statute, but, certainly, if it were true that this provision was designed to dictate the method *123 of service on an agency, then the state agency could waive the requirement of service of process. And, if such a waiver were possible, the facts of this case establish waiver.
The Austin court's second stated reason for applying the 120 day rule to service on the Department of Insurance was found in the supreme court's opinion in Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992), calling for a strict application of the rule. Strict application of the rule cannot, however, make the rule applicable to an entity that, is not a "defendant," even if some statutory provision requires they must be served with process.
There is no incongruity in applying the 120-day rule to the defendant but not applying it to the Department of Insurance. The burden of complying with the statute in order to obtain a judgment is still on the plaintiff. The Sheriff can seek to abate the action pending compliance with the statute. Or after a year passes during which the defendant is unable to prosecute the case because it has failed to serve process on the Department of Insurance as required by statute, dismissal for want of prosecution would be appropriate. As far as we can tell from the reported cases, the service of process requirement was never a problem before the rule was enacted in 1988. The result of applying the 120-day requirement to a non-defendant has been the dismissal of a number of cases, several years after the expiration of the 120 days, with no possibility of revival. We believe the law of Florida abhors such a trap more than it values the "diligent prosecution" of lawsuits and that is the direction we will take.
REVERSED and REMANDED.
PETERSON and DIAMANTIS, JJ., concur.
NOTES
[1] It appears the Fourth District and the supreme court may read this statute as we do. In Menendez v. North Broward Hosp. Dist., 515 So.2d 1377 (Fla. 4th DCA 1987), the certified question was:

IN A TORT ACTION BROUGHT AGAINST A GOVERNMENTAL AGENCY WHERE THE DEPARTMENT OF INSURANCE IS NOT MADE A PARTY, CAN THE STATUTORY REQUIREMENT OF NOTICE TO THE DEPARTMENT CONTAINED IN SECTION 768.28(6) BE WAIVED BY CONDUCT OF THE DEFENDING AGENCY?
[emphasis added]. The supreme court, accepting the Fourth District's premise, answered in the negative. See Menendez v. North Broward Hosp. Dist., 537 So.2d 89 (Fla. 1988).
[2] In other contexts their role appears to be quite different. See §§ 284.30-284.42, Fla. Stat. (1993).