ALTENBERND, Judge.
Eugene F. Matthews appeals a final judgment entered pursuant to a directed verdict on his claims under 42 U.S.C. § 1983 (1988). The trial court directed a verdict because Mr. Matthews had failed to serve process on the Department of Insurance, pursuant to section 768.28(7), Florida Statutes (1989). We reverse because such service of process is not required for a federal civil rights claim.
*479 On October 13, 1989, the defendants arrested Mr. Matthews while he was leaving a tract of land that he leased for hunting and camping. All defendants are members of the Manatee County Sheriffs Office. Mr. Matthews claims that they arrested him without a warrant or probable cause, and that they vandalized his trailer following the false arrest.
On July 23, 1990, Mr. Matthews’ attorney provided notice pursuant to section 768.28(6), Florida Statutes (1989), to Sheriff Wells and the Department of Insurance of his intent to file a lawsuit under the statutory waiver of sovereign immunity. Mr. Matthews filed the lawsuit in April 1991 and alleged both state common law and federal civil rights theories. It is undisputed that the plaintiff served his complaint on each of the individual defendants, and none of them contested personal jurisdiction. Mr. Matthews did not serve his complaint on the Department of Insurance.
During a jury trial, at the close of the plaintiffs case, the defendants moved for a directed verdict because Mr. Matthews had failed to serve the Department under section 768.28(7), Florida Statutes (1989). That statute provides:
In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality or the Spaceport Florida Authority, upon the Department of Insurance....
The defendants relied upon Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992). The trial court concluded that it must follow that precedent. In Austin, the First District ordered the dismissal of a malicious prosecution and civil rights action against a state attorney because the plaintiff had not served the Department of Insurance under section 768.28(7) within 120 days, as required by Florida Rule of Civil Procedure 1.070(j).
This requirement of service is unusual because the Department of Insurance is not a named party in such a lawsuit. “Service” of this process does not effect any meaningful personal jurisdiction over the Department. The service apparently functions only to provide the Department with notice that the lawsuit has been filed against the named defendants.
Mr. Matthews chose to appeal the directed verdict of only the federal claims for relief. Thus, we do not need to decide whether we would follow Austin in a case involving a state cause of action brought pursuant to section 768.28. See Turner v. Gallagher, 640 So.2d 120 (Fla. 5th DCA 1994) (certifying conflict with Austin). The federal civil rights claims in this case are not against a state agency under the waiver of sovereign immunity, but rather are against individuals for their alleged violation of the plaintiffs civil rights under color of state law. Such federal claims could be brought against sheriffs and deputies prior to the waiver of sovereign immunity. Thus, we doubt that section 768.28(7) has any statutory application to these federal claims against individuals. We note that the plaintiff did not file a brief in Austin, and the First District’s opinion does not specifically discuss the application of the state statute to the federal claim for relief.
Assuming this statute is intended to apply to such a claim, it is clear that the Supremacy Clause bars its application. In Howlett v. Rose, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), the Supreme Court held that under section 768.28(6), Florida could not require a plaintiff to give notice to a school board and three school officials prior to the commencement of a federal civil rights action. The Court held that this statutory notice requirement was not a neutral state rule regarding the administration of the courts, but an unconstitutional infringement upon the Supremacy Clause. In so holding, the Court stated:
The fact that a rule is denominated jurisdictional does not provide a court an excuse to avoid the obligation to enforce federal law if the rule does not reflect the concerns of power over the person and competence over the subject matter that jurisdictional rules are designed to protect.
Howlett, 496 U.S. at 381, 110 S.Ct. at 2445-46. The special service requirement for the Department of Insurance does not reflect Florida’s concerns of power over the person of any defendant nor does it affect the circuit *480 court’s jurisdiction over the subject matter of these federal claims.
Accordingly, we reverse the final judgment. In the absence of a ruling by the trial court, we decline to decide whether the plaintiffs claim for property damage is viable as a federal civil rights claim. Because we are ordering a new trial, we decline to address the remaining issues on appeal and cross-appeal.
Reversed and remanded.
FRANK, C.J., and RYDER, J., concur.