658 So.2d 591 (1995)
Lee CANNON, Sheriff of Pasco County, Appellant,
v.
Frank YAGER, Jr., Appellee.
No. 94-03681.
District Court of Appeal of Florida, Second District.
July 7, 1995.
*592 Ronald A. Labasky and Jennifer Parker LaVia of Parker, Skelding, Labasky, Corry, Eastman & Hauser, Tallahassee, for appellant.
Robert H. Dillinger, St. Petersburg, for appellee.
PARKER, Judge.
Lee Cannon, Sheriff of Pasco County, the defendant in the trial court, appeals an order of the trial court denying his motion seeking summary judgment or dismissal of Frank Yager, Jr.'s complaint. We dismiss this appeal because it is an appeal from a nonappealable nonfinal order.
This court has held that an order denying a motion to dismiss for failure to serve process timely under Florida Rule of Civil Procedure 1.070(i) is not an appealable nonfinal order under Rule 9.130(a)(3) because it does not determine jurisdiction over the person. See Khandjian v. Compagnie Financiere Mediterranee Cofimed, S.A., 619 So.2d 348 (Fla. 2d DCA 1993).[1] Moreover, with certain exceptions not applicable here, an order denying a motion for summary judgment is not an appealable nonfinal order under Rule 9.130(a)(3). See Tucker v. Resha, 648 So.2d 1187 (Fla. 1994).
In his motion Sheriff Cannon sought summary judgment or dismissal of Yager's complaint based upon Yager's failure to serve process on the Department of Insurance as required by section 768.28(7), Florida Statutes (1991). The parties agreed that although Yager timely and properly served Sheriff Cannon with process, Yager did not serve the Department of Insurance with process within 120 days. Sheriff Cannon argued below, as he does on appeal, that pursuant to section 768.28(7) and Florida Rule of Civil Procedure 1.070(i), if the Department of Insurance is not served with process within 120 days of filing the complaint, jurisdiction over the defendant agency is not perfected and, therefore, the action must be dismissed. Yager argued that the 120-day requirement of Rule 1.070(i) is inapplicable in this case and, therefore, failure to serve the Department of Insurance with process within 120 days does not affect jurisdiction over the defendant agency. The trial court simply entered an order denying Sheriff Cannon's motion for summary judgment without stating the reasons.
There is a conflict of decisions among district courts of appeal which have addressed this issue. In Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992), the court reviewed an order denying the defendant *593 state attorney's motion to dismiss for failure to serve the Department of Insurance within 120 days. The First District determined that the order denying Austin's motion to dismiss was an appealable nonfinal order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). The First District's determination as to the appealability of the order was based on its holding that service of process on the Department of Insurance within 120 days of filing the initial pleading is essential to acquire jurisdiction over the state agency. The First District further concluded that "noncompliance with the statutory requirement of service of process on the Department of Insurance to obtain jurisdiction over Austin as the state attorney involves the legality of the service of process itself as distinguished from the mere timeliness of such service already accomplished." Austin, 603 So.2d at 68.
In Turner v. Gallagher, 640 So.2d 120 (Fla. 5th DCA 1994),[2] the Fifth District reviewed a final order entering summary judgment in favor of the defendant, the Sheriff of Orange County, on the grounds that the plaintiff had failed to serve the Department of Insurance within 120 days of filing the complaint. The Fifth District in Turner held that Rule 1.070(i) requiring service of process on a defendant within 120 days of filing the complaint did not apply to the Department of Insurance even though the action was brought under section 768.28, Florida Statutes. The court in Turner reasoned that the term "defendant" in Rule 1.070(i) refers to a party named in the lawsuit against whom some type of relief or recovery is sought or who claims an interest adverse to the plaintiff. The court in Turner concluded that failure to comply with the provisions of section 768.28(7) might warrant abatement of the suit, but summary judgment in favor of the defendant was not proper.
After reviewing these cases, we agree with the Fifth District in Turner. The Department of Insurance in this case is not a "defendant" for purposes of Rule 1.070(i); therefore, compliance with the 120-day requirement in Rule 1.070(i) was not essential to acquiring jurisdiction over Sheriff Cannon. Accordingly, we conclude, as did the Fifth District, that failure to comply with the provisions of section 768.28(7) might warrant abatement of the lawsuit until the Department of Insurance is served. However, contrary to the First District's conclusion in Austin, we conclude that it does not affect the validity of the service of process.
Because we conclude that service of process on the Department of Insurance may be accomplished beyond the 120-day requirement in Rule 1.070(i), the issue of service of process on the Department of Insurance is simply a matter of timeliness. The trial court's order denying Sheriff Cannon's motion for summary judgment in this case is in effect an order denying Sheriff Cannon's motion to dismiss the action for failure to serve process timely. As such, it is not an appealable nonfinal order under Florida Rule of Appellate Procedure 9.130(a)(3). See Khandjian. Accordingly, we dismiss the appeal.
Appeal dismissed.
DANAHY, A.C.J., and WHATLEY, J., concur.
NOTES
[1] In Khandjian, we stated, without deciding the issue, that the court, in Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992), reasoned that the order denying the motion to dismiss for failure to serve process on the Department of Insurance was an appealable nonfinal order under Rule 9.130(a)(3) because it affected the validity of the service of process itself. Having now addressed the issue involved in Austin, we reach a contrary conclusion.
[2] Although the issue of the appealability of the order was not at issue in Turner because the order was a final appealable order, the holding and rationale in Turner are instructive in our determination of whether the order subject to review here is a nonappealable nonfinal order.