659 So.2d 1251 (1995)
Roncell PLATT, a minor, By and Through her legal guardian, Samuel PLATT, and Samuel Platt, individually, Appellants,
v.
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Sharonda PLATT, a minor, By and Through her legal guardian, Samuel PLATT, and Samuel Platt, individually, Appellants,
v.
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. 94-2980, 94-2981.
District Court of Appeal of Florida, First District.
August 28, 1995.
John C. Taylor, Jr., and Christopher P. Boyd, Jacksonville, for appellants.
Robert A. Butterworth, Attorney General; Laura Rush, Assistant Attorney General, Tallahassee, for appellee.

GENERAL DIVISION EN BANC
WEBSTER, Judge.
In these two consolidated appeals, appellants challenge orders dismissing their initial negligence complaints without prejudice for failure timely to comply with the service requirement of Florida Rule of Civil Procedure 1.070(i), and their amended complaints with prejudice, as barred by the limitation provision set forth in section 768.28(12), Florida Statutes (1989). We conclude that neither the dismissal of the initial complaints nor the dismissal of the amended complaints was appropriate. Accordingly, we reverse.
Appellants' initial complaints alleged negligence on the part of appellee (HRS) resulting in injury to the minor appellants, Roncell and Sharonda, while they were in its care and custody. The complaints sought damages on behalf of the minors for their injuries, and also asserted a derivative claim on behalf of their adoptive father. HRS filed motions to dismiss, asserting (among other things) that appellants had failed timely to comply with the provisions of Florida Rule of Civil Procedure 1.070(i), relating to service of process because, although HRS had been timely served, the Department of Insurance (Department) had not. In response to the *1252 motions, appellants served the Department, as required by section 768.28(7), Florida Statutes (1993). The trial court eventually granted the motions to dismiss, with leave to amend, for failure to comply with rule 1.070(i).
Appellants filed amended complaints, again alleging negligence on the part of HRS, and again making claims on behalf of both the minors and their adoptive father. HRS again filed motions to dismiss, asserting (among other things) that, because more than four years had elapsed between the accrual of appellants' causes of action and the filing of the amended complaints, those actions were barred by section 768.28(12), Florida Statutes (1989), and, therefore, must be dismissed with prejudice. The trial court agreed that all of the causes of action asserted in the amended complaints were barred by section 768.28(12) and, accordingly, dismissed the actions with prejudice. Appellants now challenge both the dismissals of their initial complaints for failure timely to comply with rule 1.070(i) as to service on the Department, and the dismissals of their amended complaints with prejudice based upon the applicable limitation provision.
Dismissal of the initial complaints for failure timely to comply with rule 1.070(i) as to service on the Department was mandated by this court's decision in Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992). However, in Turner v. Gallagher, 640 So.2d 120 (Fla. 5th DCA 1994), the Fifth District Court of Appeal reached a contrary result, certifying conflict with Austin. Upon reflection, we conclude that Turner was correctly decided, and that Austin was not. Accordingly, we recede from Austin, and adopt the reasoning employed, and the result reached, in Turner.
As noted by the Turner court, rule 1.070(i) addresses only the failure to serve defendants within the prescribed time. Because the Department is not a defendant, rule 1.070(i) is not implicated by failure to serve it. To quote from Turner:
Rule 1.070(i) should be applied literally  that is to say, dismissal is authorized only in those cases where a defendant has not been served within 120 days. Here, the only defendant in the lawsuit was timely served. Even if the term "party" has a fluid meaning ..., the term "defendant" unambiguously means a party named in a lawsuit against whom some type of relief or recovery is sought or who claims an interest adverse to the plaintiff... . The [D]epartment does not appear in these cases [i.e., those filed against the state or its agencies or subdivisions pursuant to section 768.28, Florida Statutes], and no judgment could be obtained by the [plaintiff] against the [D]epartment. A plaintiff's failure to comply with the provisions of section 768.28(7) [requiring service of process upon both the head of the agency being sued and the Department] might warrant abatement of the lawsuit until the statutory requirement of section 768.28(7) has been complied with, but Rule 1.070(i) is simply inapplicable.
640 So.2d at 121 (citations omitted). We note that, as the Austin opinion reflects, the plaintiff/appellee made no appearance. Therefore, no such argument was presented to the court. We note, further, that, although we reverse the trial court's dismissal of the initial complaints for failure timely to serve the Department, the trial court correctly based its decision upon Austin, as the controlling law in this District. E.g., State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976) (trial court is obliged to follow decisions of district court of appeal for district in which it is situate).
We reverse, also, the dismissals of the amended complaints as barred by the limitation provision set forth in section 768.28(12), Florida Statutes (1989). As counsel for HRS candidly conceded at oral argument, it is not apparent from the faces of the amended complaints that the limitation period had run before the amended complaints had been filed. See, e.g., Board of County Commissioners v. Aetna Casualty & Surety Co., 604 So.2d 850 (Fla. 2d DCA 1992), review denied, 613 So.2d 2 (Fla. 1993) (motion to dismiss is appropriate vehicle to raise statute of limitations *1253 defense only if it is apparent on face of complaint that cause of action is barred). Moreover, given our conclusion that it was error to dismiss the initial complaints for noncompliance with rule 1.070(i), running of the section 768.28(12) limitation period was tolled upon the filing of those initial complaints, rather than upon the filing of the amended complaints. See, e.g., Szabo v. Essex Chemical Corp., 461 So.2d 128 (Fla. 3d DCA 1984) (in Florida, filing of complaint tolls statute of limitations).
In summary, we recede from Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992); adopt the reasoning employed, and the result reached, in Turner v. Gallagher, 640 So.2d 120 (Fla. 5th DCA 1994); and hold that Florida Rule of Civil Procedure 1.070(i) is not implicated in actions against the state or its agencies or subdivisions pursuant to section 768.28, Florida Statutes, by failure to serve the Department of Insurance within the time prescribed by that rule. Accordingly, we reverse both the dismissals of the initial complaints and the dismissals of the amended complaints, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
ERVIN, BOOTH, JOANOS, MINER, WOLF, MICKLE, LAWRENCE, BENTON and VAN NORTWICK, JJ., concur.