MICKLE, Judge.
Quinn A. McMillian, as Sheriff of Walton County, appeals a nonfinal order denying his motion to dismiss the Browns’ civil complaint against him. We dismiss this appeal because the trial court’s order is not reviewable under Florida Rule of Appellate Procedure 9.130(a)(3).
On February 5, 1993, Charles and Margie Brown filed a personal injury action against Sheriff McMillian alleging injuries incurred by Charles Brown as a result of a slip and fall at the Walton County Jail where he was being detained. In June 1990, nearly three years prior to the filing of the complaint, the Browns provided notice of their claim to Sheriff McMillian and to the Department of Insurance (the Department) as required by section 768.28(6), Florida Statutes (1991). The complaint alleged that a claim had been presented in writing to both Sheriff McMilli-an and to the Department and, further, that all conditions precedent had been performed or occurred.
Sheriff McMillian was served with process within the 120 days permitted by Florida *278 Rule of Civil Procedure 1.070(i) (formerly designated 1.070(j)), and filed an answer and affirmative defenses, specifically admitting the allegation that a written claim had been-provided both to him and to the Department and that all conditions precedent had been performed. The statute of limitations ran on this action in February 1994. On March 11, 1994, Sheriff McMillian submitted a motion to file an amended answer and affirmative defenses. In support thereof, McMillian alleged that, after the filing of his initial answer, he had become aware of an additional affirmative defense, namely, that the Browns had failed to serve a copy of the summons and complaint on the Department, as required by section 768.28(7), Florida Statutes. On April 5, 1994, beyond the 120-day period following the filing of the complaint, the Department was served. Shortly thereafter, on April 11, 1994, Sheriff McMillian filed a motion to dismiss the complaint on the basis that the Browns had failed to serve the Department within 120 days of the filing of the complaint, in violation of Fla.R.Civ.P. 1.070(f).
On April 14, 1994, the trial court entered an order denying both the motion to amend the answer and affirmative defenses and the motion to dismiss, specifically finding that at no time prior to the running of the statute of limitations did Sheriff McMillian assert the defenses of lack of personal jurisdiction, insufficiency of process, or insufficiency of service. Opining that the Browns would be unduly prejudiced by a dismissal of their complaint at this late juncture, the trial court concluded that Sheriff McMillian had waived his right to reap the benefits of the 120-day service rule.
In Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992), this court reviewed an order denying defendant state attorney Austin’s motion to dismiss a complaint for failure to serve the Department within 120 days. We concluded that the order denying Austin’s motion to dismiss for noncompliance with Fla.R.Civ.P. 1.070(i) was an appealable nonfinal order under Fla.RApp.P. 9.130(a)(3)(C)(i). This determination was based on our holding that service of process on the Department within 120 days of filing the initial pleading is essential to acquire jurisdiction over the state agency. We further concluded that “noncomplianee with the statutory requirement of service of process on the Department of Insurance to obtain jurisdiction over Austin as state attorney involves the legality of the service of process itself as distinguished from the mere timeliness of such service already accomplished.” Austin, 603 So.2d at 68. On the merits, deeming the requirement of service within 120 days found in rule 1.070(j) to be mandatory, we reversed the order and remanded with directions that the action be dismissed for the failure to serve the Department within 120 days.
We have since receded from Austin in Platt v. Florida Department of Health and Rehabilitative Services, 659 So.2d 1251 (Fla. 1st DCA 1995). In Platt, we adopted the rationale espoused by the Fifth District Court of Appeal in Turner v. Gallagher, 640 So.2d 120 (Fla. 5th DCA 1994), that because the Department is not a “party defendant” in actions against the state or its ageneies or subdivisions under section 768.28, Florida Statutes, it follows that rule 1.070(i) is not implicated by the failure to serve the Department within 120 days. In Platt, we reversed the dismissal of the plaintiffs’ complaints against the Department of Health and Rehabilitative Services. The nature of the orders of dismissal therein being final and appeal-able, the question of this court’s jurisdiction was not at issue.
Sub judice, having declared essentially in Platt that service of process on the Department may be accomplished beyond the 120-day requirement in Fla.R.Civ.P. 1.070(i), without the harsh result of dismissal where the state agency is served within 120 days, we now conclude that the issue of service of process on the Department is a matter of timeliness. As such, we hold that since the trial court’s order herein was, in effect, an order denying Sheriff McMillian’s motion to dismiss the action for failure to serve process timely, it is not an appealable nonfinal order under Fla.RApp.P. 9.130(a)(3). In so holding, we adopt the recent opinion of the Sec *279 ond District Court of Appeal in Cannon v. Yager, 658 So.2d 591 (Fla. 2d DCA 1995).[1]
APPEAL DISMISSED.
KAHN and VAN NORTWICK, JJ„ concur.

. We recognize the following conflicting decision on the jurisdictional issue. Sheriff of Brevard County v. Lampman-Prusky, 634 So.2d 660 (Fla. 5th DCA 1994) (accepting jurisdiction from denial of sheriff's motion to dismiss for failure to perfect service on the Department within 120 days of tiling suit).