662 So.2d 743 (1995)
NOVELLA LAND, INC., Appellant,
v.
PANAMA CITY BEACH OFFICE PARK, LTD., Appellee.
No. 95-3335.
District Court of Appeal of Florida, First District.
November 9, 1995.
Daniel Harmon, III, Harmon & Sloan, Panama City, for appellant.
Clifford C. Higby, Panama City, for appellee.
PER CURIAM.
Novella Land, Inc., seeks review of an order which denied its motion to dismiss or quash service for failure of plaintiff/appellee to serve defendant/appellant within 120 days of filing of the complaint. See Fla.R.Civ.P. 1.070(i). We find the order to be reviewed is not an appealable order and, accordingly, dismiss the appeal.
Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) provides for review of a non-final order that determines jurisdiction of the person. Our sister courts disagree on whether an order which denies a rule 1.070(i) motion to dismiss is appealable pursuant to this rule. See Khandjian v. Compagnie Financiere Mediterranee Cofimed, S.A., 619 So.2d 348 (Fla. 2d DCA 1993) and RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993) (both holding that an order of this nature is not appealable); Comisky v. Rosen Management Service, Inc., 630 So.2d 628 (Fla. 4th DCA 1994) (en banc); Mid-Florida Associates, Ltd. v. Taylor, 641 So.2d 182 (Fla. 5th DCA 1994) (finding such orders to be appealable).
This court has previously addressed the issue only in the context of failure to timely serve the Department of Insurance, a nonparty, in civil actions in tort for money damages against the state or its agencies or subdivisions. See § 768.28(7), Fla. Stat. (1993). We found such orders to be appealable in Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992), but receded from that decision on grounds other than jurisdiction in Platt v. Department of Health & Rehabilitative Services, 659 So.2d 1251 (Fla. 1st DCA 1995). Platt, however, was an appeal of an order of dismissal, a final order, and the decision did not expressly overrule Austin on the underlying jurisdictional question. However, in McMillian v. Brown, 20 Fla. L. Weekly D2129, ___ So.2d ___ (Fla. 1st DCA 1995), this court found that an order which denied a motion to dismiss for failure to timely serve the Department of Insurance pursuant to section 768.28(7) was not an appealable order and, in so doing, adopted Cannon *744 v. Yager, 658 So.2d 591 (Fla. 2d DCA 1995). Cannon, in turn, relied upon Khandjian. In summary, we find that this court has implied its alliance with the second and third districts on this question and we now expressly state our agreement with their conclusion that an order which denies a motion to dismiss for failure to timely serve a defendant is not an appealable non-final order.
APPEAL DISMISSED.
BOOTH, WOLF and WEBSTER, JJ., concur.