GREEN, Judge.
Jack Brett Lemonik appeals an adverse final summary judgment entered in favor of Metropolitan Dade County (“County”) due to his failure to serve a copy of the summons and complaint in this action on the Florida Department of Insurance (“Department”) pursuant to section 768.28(7), Florida Statutes (1989) for more than three years after the commencement of this action nor within the prescribed statute of limitations period for this action. We reverse.
This is an action for the alleged violation of Lemonik’s federal civil rights as prescribed in 42 U.S.C. § 1983 as well as for false arrest, excessive use of force, and malicious prosecution. It arose out of Lemonik’s arrest by two Metro Dade police officers on March 6, 1988. Prior to filing this suit, Lemonik submitted his written claim to both the County and the Department on August 2, *900 1989 pursuant to section 768.28(6) [1]. When his claim was denied, Lemonik instituted this action on September 4, 1991 against the County and two individual police officers. At or about that time, he served the summons and complaint on the County but not the Department. After an amendment to the complaint, the County responded by filing both an answer and a motion to dismiss in November 1992. The County never raised Lemonik’s failure to serve the Department either in its answer or motion to dismiss. On November 19, 1992, Lemonik noticed this case for trial and the parties proceeded to court-ordered mediation on August 25, 1993. The case did not settle or proceed to trial as scheduled.
On October 3, 1994, or about three years and one month after his claim was denied, Lemonik served a copy of the summons and amended complaint on the Department pursuant to section 768.28(7).[2] Shortly thereafter, the County moved for summary judgment and argued for the first time that it was entitled to judgment as a matter of law because Lemonik had failed to serve process upon the Department within the three year period prescribed in section 768.28(6) and this defect could not otherwise be remedied due to the passage of the applicable statute of limitations period for this action. This motion was granted by the trial court and this appeal ensued.
Initially, we note that written notice to both the Department and the agency being sued by a claimant and a denial thereof are condition precedents to the filing and maintenance of a tort action against a sovereign body, section 768.28(6), Florida Statutes (1989); Menendez v. North Broward Hosp. Dist., 537 So.2d 89 (Fla.1988); Levine v. Dade County School Bd., 442 So.2d 210 (Fla.1983); Metropolitan Dade County v. Coats, 559 So.2d 71 (Fla. 3d DCA), rev. denied, 569 So.2d 1279 (Fla.1990), and that these conditions were timely satisfied prior to the commencement of this action. Service of process upon the Department as a nonparty, although statutorily mandated, however, is not a precondition to the maintenance of a tort action against a governmental agency. See § 768.28(6)(b). Indeed, the legislature did not prescribe any time frame whatsoever in section 768.28(7) for a plaintiff to effectuate service upon the Department when the Department is not otherwise a party to the action.
The County invites this court to construe section 768.28(7) for the first time to require a plaintiff to serve the Department prior to the case being scheduled for trial or court ordered mediation. We must decline this invitation because we conclude as we did in Coats that the County has failed to timely raise the issue of Lemonik’s service upon the Department in this proceeding. By neglecting to assert Lemonik’s failure to serve the Department in its responsive motion and/or answer to the complaint (and indeed for more than three years after the commencement of this action), we are compelled to find that the County waived its right to raise this issue, particularly where service was ultimately made upon the Department prior to the filing of the County’s motion for summary judgment on this issue. Coats, 559 So.2d at 73. Contrary to the County’s argument on appeal, Menendez does not dictate a different result. There, the supreme court answered in the negative the question of whether notice of the claim (as opposed to *901 service) to the Department could be waived by the conduct of the defending agency. The final summary judgment entered below in favor of the County is therefore reversed.
Reversed.

. This statute states that:
(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Spaceport Florida Authority, presents such a claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing....
(b) For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues, (emphasis added)

. Section 768.28(7) provides:
In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality or the Spaceport Florida Authority, upon the Department of Insurance; and the department or the agency concerned shall have 30 days within which to plead thereto.