PARKER, Chief Judge.
Sheila M. Rubin appeals the trial court’s final order granting the Department of Transportation’s (DOT) motion to dismiss her complaint with prejudice for failure to serve the complaint upon the Department of Insurance within 120 days. We reverse.
Rubin alleged that she sustained injuries when her vehicle struck a loose manhole cover in Pinellas County on August 3, 1992. On April 11, 1995, Rubin, pursuant to section 768.28(6)(a), Florida Statutes (1991), mailed a letter by certified mail, return receipt requested, to DOT and to the Department of Insurance, as a notice of claim against DOT. The letter contained the specific information required by section 768.28(6)(a). DOT and the Department of Insurance received this letter within six days. Thereafter, Rubin filed her complaint against DOT and Pinellas County on July 1, 1996, which was within the four-year statute of limitations period.
The trial court dismissed the case with prejudice based upon Rubin’s failure to serve the complaint upon the Department of Insurance within 120 days. Florida Rule of Civil Procedure 1.070(j) provides that “[i]f service of initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading, and the party on whose behalf service is required does not show good cause why service was not made ... the action shall be dismissed without prejudice....” In Cannon v. Yager, 658 So.2d 591 (Fla. 2d DCA 1995), this court addressed rule l.OJOfi),[1] and stated:
The Department of Insurance in this case is not a “defendant” for purposes of Rule 1.070(i); therefore, compliance with the 120-day requirement in Rule 1.070(i) was not essential to acquiring jurisdiction over Sheriff Cannon. Accordingly, we conclude ... that failure to comply with the provisions of section 768.28(7) might warrant abatement of the lawsuit until the Department of Insurance is served.
Cannon, 658 So.2d at 593.
We adhere to Cannon, but clarify one statement made in that case. While Cannon stated service of the claim upon the Depart *1177 ment of Insurance was required, section 768.28(6)(a) sets out the only time requirement in that it requires that the claim be presented in writing to the Department of Insurance within three years after the claim accrues. See Turner v. Gallagher, 640 So.2d 120, 121 (Fla. 5th DCA 1994) (court held that 120-day rule did not apply to the Department of Insurance). See also Platt v. Florida Dep’t of Health & Rehabilitative Servs., 659 So.2d 1251, 1251 (Fla. 1st DCA 1995). Thus, the issue is whether Rubin timely sent a written notice of claim to the Department of Insurance.
The record supports that Rubin properly and timely gave notice of her claim to the Department of Insurance and then filed her complaint within the applicable statute of limitations. Accordingly, the trial court erred in dismissing this case with prejudice. This error was compounded by the fact that the trial court dismissed the entire case, even though Pinellas County had not pursued its motion for dismissal. Therefore, we reverse the trial court’s order of dismissal with prejudice and remand for the trial court to abate the proceedings in order to allow Rubin to amend her complaint to allege compliance with the notice requirements of section 768.28(6)(a), and to serve process upon the Department of Insurance in compliance with section 768.28(7).
Reversed and remanded.
FRANK and FULMER, JJ., concur.

. Subdivision (i) of Florida Rule of Civil Procedure 1.070 was amended in 1992 and redesignat-ed as subdivision (j).