SHAHOOD, J.
Pro se appellant, Lemuel L. Cole, appeals from a Final Judgment Granting Defendants’ Motion to Dismiss with Prejudice. We hold the trial court erred in granting the motion and reverse and re- *399 raand with directions to the trial court to reinstate appellant’s complaint.
Appellant, an inmate at Glades Correctional Institution, filed a malicious prosecution action against the Department of Corrections (DOC). In his complaint, appellant alleged that in 1992, DOC personnel found a bottle of homemade wine (“buck”) in a locked footlocker containing his legal materials. Appellant denied that the wine was his. Appellant was served with a disciplinary report even though another inmate had confessed that the “buck” was his. At the disciplinary hearing, appellant was informed that the charges were dismissed. Appellant alleged that at the conclusion of the hearing a DOC employee told him that he “beat” the “D.R. on a technicality.” He also alleged that several weeks later another DOC employee stated that the disciplinary report should not have been dismissed and that both he and the inmate who confessed should have been disciplined. Attached to appellant’s complaint was a Department of Corrections’ Disciplinary Worksheet stating that the charges had been dismissed due to the fact that another inmate confessed.
In his complaint, appellant alleged that due to the absence of probable cause, the disciplinary proceedings were motivated purely based on malice. Also attached to appellant’s complaint was a letter from the Department of Insurance stating that it was in receipt of his claim and upon evaluation, it concluded that there was no negligence on the part of the State of Florida. Thus, his claim was denied and his filed closed.
In 1994, the DOC moved to dismiss appellants’ complaint claiming that appellant failed to serve a copy of the complaint upon the Department of Insurance, as required by section 768.28(7), Florida Statutes (1993), as a condition precedent to maintaining his suit against the defendants.[1]
In 1999, appellant requested the clerk of court for indigent service of process of his complaint upon the Department of Insurance under the authority of Lemonik v. Metropolitan Dade County, 672 So.2d 899 (Fla. 3d DCA 1996).[2]
Following a telephonic hearing, the trial court dismissed appellant’s complaint finding that appellant filed his action in 1993 and that the Department of Insurance was not served with a summons until April 1999. The court stated that timely notice and service of process on the Department of Insurance are conditions precedent to this proceeding and that the pleadings reflected that the Department of Insurance was not issued a summons until more than six (6) years after the claim occurred. Accordingly, the. court granted the DOC’s motion to dismiss and stated, appellant “may amend his Complaint within thirty (30) days. In the event [appellant] chooses not to amend his Complaint within thirty (30) days the matter will be dismissed with prejudice.”
Rather than amending his pleading to state that the requisite conditions precedent were complied with, appellant moved for rehearing or to alter or amend judgment on the grounds that service of process upon the Department of Insurance *400 was not required to be completed within a three-year limitations period as set forth in section 768.28(7), Florida Statutes. This resulted in the dismissal of appellant’s complaint with prejudice.
On appeal, appellant argues that his action for negligence and malicious prosecution was not protected by the state’s sovereign immunity and further that there was no limitation period under section 768.28(7), Florida Statutes (1993), as to when the Department of Insurance, a non-party, could be served. As to appellant’s latter argument, we agree.
Section 768.28(7), Florida Statutes (1993), which concerns the waiver of sovereign immunity in tort actions, provides:
In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality or the Florida Space Authority, upon the Department of Insurance; and the department or the agency concerned shall have 30 days within which to plead thereto.
In Rubin v. State, Department of Transportation, 728 So.2d 1175 (Fla. 2d DCA 1998), the trial court granted the Department of Transportation’s motion to dismiss appellant’s complaint with prejudice for failure to serve the complaint upon the Department of Insurance within 120 days. In reversing, the second district held that the Department of Insurance, who must be served in tort actions under the statute on waiving sovereign immunity, was not a “defendant” within the meaning of rule 1.070(j), Florida Rules of Civil Procedure, which required service of process on a defendant within 120 days of filing the complaint. See id. at 1176 (quoting Cannon v. Yager, 658 So.2d 591, 593 (Fla. 2d DCA 1995)). Because compliance with rule 1.070(j) was not essential to acquiring jurisdiction, the court held that the failure to comply with the provisions of section 768.28(7) might warrant abatement of the lawsuit until the Department of Insurance is served. See id. (quoting Cannon, 658 So.2d at 593). See also Platt v. Fla. Dep’t of Health and Rehabilitative Servs., 659 So.2d 1251 (Fla. 1st DCA 1995).
The Rubin court went on to hold that while Cannon stated that service of the claim upon the Department of Insurance was required, section 768.28(6)(a) sets out the only time requirement which requires that the claim be presented in writing to the Department of Insurance within three years after the claim accrues. See Rubin, 728 So.2d at 1176-77. Thus, the issue became whether Rubin timely sent a written notice of claim to the Department of Insurance. See id. at 1177.
In reversing, the Rubin court held that the record demonstrated that Rubin properly and timely gave notice of her claim to the Department of Insurance and then filed her complaint within the applicable statute of limitations. The order of dismissal was reversed and remanded for the trial court to abate the proceedings in order to allow Rubin to amend her complaint to allege compliance with the notice requirements of section 768.28(6)(a) and to serve process upon the Department of Insurance in compliance with section 768.28(7). See id.
In Lemonik, following appellant’s 1988 arrest, appellant submitted his written claim for false arrest and malicious prosecution to the County and the Department in 1989 pursuant to section 768.28(6). When his claim was denied, he filed suit against the County and two police officers in 1991. The County never raised appellant’s failure to serve the Department in either its answer or its motion to dismiss. The case then proceeded to trial. In October 1994, three years and one month after *401 his claim was denied, appellant served a copy of the summons and complaint on the Department pursuant to section 768.28(7). The County moved for summary judgment arguing for the first time that it was entitled to a judgment as a matter of law because appellant failed to serve process upon the Department within the three year period prescribed in section 768.28(6). The motion was granted by the trial court.
• In reversing, the court noted that written notice to both the Department of Insurance and the agency being sued and the denial thereof are conditions precedent to the filing and maintenance of a tort action against a sovereign body under section 768.28(6), and that appellant timely satisfied this condition prior to the commencement of the action. See Lemonik, 672 So.2d at 900. It further held that service of process upon the Department of Insurance, a non-party, although statutorily mandated, was not a precondition to the maintenance of a tort action against a governmental body. See id. “[T]he legislature did not prescribe any time frame whatsoever in section 768.28(7) for a plaintiff to effectuate service upon the Department when the Department is not otherwise a party to the action.” Id.
Lemonik and Rubin clearly state that there is no limitation period in which to serve process upon the Department of Insurance, and that service of process upon the Department of Insurance, a non-party, although statutorily mandated, is not a precondition to the maintenance of a tort action against a governmental body.
In this case, as in Rubin and Lemonik, appellant filed his written claim with the Department of Insurance in compliance with section 768.28(6); said claim was denied prior to the commencement of this action. Accordingly, this matter is remanded with directions that the trial court abate the proceedings in order to allow appellant to amend his complaint to allege compliance with the notice requirements of section 768.28(6)(a) and to serve process upon the Department of Insurance in compliance with section 768.28(7) if he has not already done so. See Rubin; Lemonik.
We affirm as to the discovery issue raised by appellant.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WARNER and TAYLOR, JJ., concur.

. In 1997, on the DOC's motion, appellant's complaint was dismissed for lack of prosecution. In Cole v. Department of Corrections, 726 So.2d 854 (Fla. 4th DCA 1999), this court reversed and reinstated appellant's complaint.

. According to the lower court’s docket, on April 12, 1999, appellant requested indigent service of process upon the Department of Insurance and that on April 15, 1999, a shm-mon was issued and mailed to the Insurance Commissioner and Treasurer.